Opinion
 

 SONENSHINE, J.
 

 Anthony Carter’s three-year sentence for assault with a deadly weapon or by means of force likely to cause great bodily injury (Pen.
 
 *754
 
 Code, § 245, subd. (a)(1))
 
 [1]
 
 was enhanced by four years because he inflicted great bodily injury (GBI) on the victim under circumstances involving domestic violence (§ 12022.7, subd. (d)). Alleging evidentiary, instructional and sentencing error, Carter claims the judgment must be reversed. We affirm.
 

 I
 

 On Super Bowl Sunday, 1995, Carter and his girlfriend, Mildred Bell, attended a party at a friend’s house. However, because Carter was acting obnoxiously, Bell took him to her apartment at half time. When Bell offered to drive Carter to his home, he floored her with a barrage of punches and kicked her. He also wrapped a telephone cord around Bell’s neck, threatening to kill her. Bell managed to run outside and returned to call 911 after Carter left.
 

 When the police arrived, Bell was visibly shaken and teary eyed, and her face was badly bruised. There were bloodstains throughout the apartment, and the phone cord had been ripped out of the wall. Bell stated she had been beaten up by her boyfriend. However, she did not mention Carter had kicked or choked her. She suffered a broken nose, black eyes, subconjunctival hemorrhaging (retinal bleeding), blurred vision and neck pain.
 

 Carter testified he fell asleep upon arriving at Bell’s apartment and was awakened by the feel of a cold object on his penis. He discovered Bell on top of him, holding his penis and a pair of scissors. Alarmed, Carter grabbed Bell’s neck and hit her three times before she moved back. He then got dressed and walked to a nearby bus stop. Carter denied strangling Bell with the telephone cord, kicking her or threatening to kill her. In fact, he stated Bell was the abusive one in their relationship, having hit him on previous occasions.
 

 II
 
 *
 

 
 *755
 
 III
 

 Carter asserts the court erroneously instructed that the GBI enhancement requires only general intent.
 
 [2]
 
 We disagree.
 

 Section 12022.7, subdivision (d) provides, “Any person who personally inflicts great bodily injury under circumstances involving domestic violence in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of three, four, or five years. ... As used in this section, ‘domestic violence’ has the meaning provided in subdivision (b) of Section 13700.”
 

 Under section 13700, subdivision (b), “ ‘Domestic violence’ means
 
 abuse
 
 committed against an adult or a fully emancipated minor who is a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship.” (Italics added.) As explained in section 13700, subdivision (a), abuse denotes
 
 “intentionally or recklessly
 
 causing or attempting to cause bodily injury, or placing another person in reasonable apprehension of imminent serious bodily injury to himself or herself, or another.” (Italics added.)
 

 Relying on the definition of abuse found in section 13700, subdivision (a), Carter argues section 12022.7, subdivision (d) requires the defendant to specifically intend to inflict GBI. But section 12022.7 subdivision (d) refers only to the general definition of domestic violence in section 13700, subdivision (b). It does not incorporate section 13700, subdivision (a). This indicates the reference to domestic violence in subdivision (d) was designed to describe the context in which the subdivision applies, not the intent requirement needed under that provision.
 

 The history of section 12022.7 supports this interpretation. Unlike subdivision (d), subdivisions (a) (infliction of GBI on person other than accomplice) and (c) (infliction of GBI on person 70 years of age or older) originally required the defendant to intend to inflict GBI. (Stats. 1993, ch. 608, § 2.) Because the Legislature did not include a similar specific intent requirement in subdivision (d), we may presume no such requirement was intended. (See
 
 Committee of Seven Thousand
 
 v.
 
 Superior Court
 
 (1988) 45
 
 *756
 
 Cal.3d 491, 507 [247 Cal.Rptr. 362, 754 P.2d 708] [where the Legislature uses a different language in one part of a statute than it does in other sections concerning a related subject, it must be presumed the Legislature intended a different meaning].)
 

 Furthermore, subdivisions (a) and (c) of section 12022.7 have since been amended to repeal the element of specific intent to inflict GBI. (Stats. 1995, ch. 341, § 1.) There would be no logical reason for the Legislature to relax the intent requirement for the situations covered in subdivisions (a) and (c) while requiring a more stringent mens rea requirement for cases involving domestic violence. We therefore interpret section 12022.7, subdivision (d) as requiring only the general intent to inflict GBI. Accordingly, the trial court’s instruction was correct.
 

 In any event, the only way the jury could have believed Carter did not specifically intend to inflict GBI was if it accepted his claim of self-defense. However, the jury necessarily rejected that claim in convicting Carter of the underlying assault charge. Since the jury rejected the only factual scenario under which Carter could have been found not to have acted with specific intent, any error in failing to define the GBI enhancement in terms of specific intent was harmless beyond a reasonable doubt.
 
 (People
 
 v.
 
 Brenner
 
 (1992) 5 Cal.App.4th 335, 339 [7 Cal.Rptr.2d 260].)
 

 IV, V
 
 *
 

 The judgment is affirmed.
 

 Sills, P. J., and Bedsworth, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied April 15, 1998.
 

 [1]
 

 All further statutory references are to the Penal Code.
 

 *
 

 See footnote,
 
 ante,
 
 page 752.
 

 [2]
 

 The court told the jury the GBI enhancement required “a union or joint operation of act or conduct and general criminal intent. To constitute general criminal intent it is not necessary that there should exist an intent to violate the law. When a person intentionally does that which the law declares to be a crime, he is acting with general criminal intent, even though he may not know his act or conduct is unlawful.”
 

 *
 

 See footnote,
 
 ante,
 
 page 752.