Filed 9/2/14 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>   v.<br><br>MICHAEL GUILFORD,<br><br>       Defendant and Appellant. | C073329<br><br>(Super. Ct. No. 94F04208)<br><br>MODIFICATION OF OPINION UPON DENIAL OF PETITION FOR REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on July 31, 2014, be modified as follows:

1.      On page 6 in footnote 4, in the parenthetical following the second complete sentence after the words "great bodily injury" add "; but see § 12022.55 [enhancement requiring intent to cause great bodily injury or death]" so that the parenthetical reads:

(*People v. Poroj* (2010) 190 Cal.App.4th 165, 172-176; see Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law (Nov. 4, 2013) Petition for Resentencing, p. 29 ["indeed, there is no crime or special penalty for committing a crime with the intent to cause great bodily injury"]; but see § 12022.55 [enhancement requiring intent to cause great bodily injury or death].)

2.     On page 11, the first sentence of the first paragraph the words "the factual basis of" are to be added before the words "the trial court's finding" so that the sentence now reads:

Defendant acknowledges we review the factual basis of the trial court's finding under the familiar sufficiency of the evidence standard.

3.     On page 13, footnote 6, delete the text of the entire footnote and replace it so that the footnote reads as follows:

The responsive and reply briefs cite to *Pepper v. United States* (2011) 562 U.S. __ [179 L.Ed.2d 196] (*Pepper*).  *Pepper* involved the admissibility of postsentencing rehabilitation after a federal criminal sentence had been set aside on appeal.  (*Pepper*, *supra*, 562 U.S. at pp. ___, ___ [179 L.Ed.2d at pp. 208, 213-215].)  That case has no application to a petition to recall a California sentence under the Act.

As modified, the petition for rehearing is denied.  This modification does not change the judgment.

FOR THE COURT:


_____BUTZ_____, Acting P. J.


_____DUARTE_____, J.


_____HOCH_____, J.

2

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073329 |
| Plaintiff and Respondent, | (Super. Ct. No. 94F04208) |
| v. | |
| MICHAEL GUILFORD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Lawrence G. Brown, Judge. Affirmed.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Eric L. Christoffersen, Supervising Deputy Attorney General, Ivan P. Marrs, Deputy Attorney General, for Plaintiff and Appellant.

Defendant Michael Guilford appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012 (Pen. Code, §§ 667, 1170.12, 1170.126,[1] Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) (the Act)).

Although the Act contains some provisions affecting sentencing taking place after its operative date, as relevant to this appeal, the Act also sets forth a mechanism for relief for some existing three strikes inmates. That part of the Act creates a two-step process. First, the trial court determines whether a defendant is qualified or disqualified from seeking a recall of sentence. Second, if and only if a defendant is found to be qualified, the trial court conducts a hearing, and then applies certain standards to determine whether the defendant's sentence should be lessened. (See *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1292-1294 (*Kaulick*); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 (*Yearwood*).) This appeal involves only the first step.

Defendant contends (1) the trial court improperly considered our prior opinion on direct appeal from defendant's convictions in finding him ineligible for resentencing under the Act, (2) our prior opinion does not show he was ineligible under the Act, and (3) he was entitled to have a jury determine his eligibility under the Act. He folds into his first claim the underdeveloped argument that pleading and proof were required to support the trial court's disqualifying determination. As we will explain, we disagree and affirm the trial court's order finding defendant ineligible for resentencing under the Act.

## BACKGROUND

Defendant's petition alleged he was convicted of spousal abuse (§ 273.5) in 1994, and it had been proven that he had three prior strikes; a 1977 arson conviction (former § 449a; see Stats. 1976, ch. 1139, § 200, p. 5119); a 1983 arson conviction (§ 451, subd. (b); and a 1985 assault with a deadly weapon conviction (§ 245, subd. (a)(2)).

---

[1] Further undesignated statutory references are to the Penal Code.

The Act makes ineligible for resentencing those persons who, inter alia, "[d]uring the commission of the current offense . . . intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(B)(iii); see § 1170.126, subd. (e).) After reviewing our opinion on appeal from the judgment, the trial court found defendant intended to cause great bodily injury, and therefore found defendant ineligible for relief and denied his petition. Defendant timely appealed.[2]

## DISCUSSION

### I

*Use of Prior Opinion to Determine Eligibility*

Defendant contends it was improper for the trial court to consider the facts stated in our prior opinion on direct appeal to determine whether or not he had the intent to commit great bodily injury in committing the current offense. He claims that the trial court's consideration of our opinion denied him due process because it denied him his right to notice and the opportunity to be heard as to the facts set forth in the opinion, as "there was no finding that was pled and proven that supported" the court's finding of the requisite intent.

A. *The Act Generally*

The Act amended sections 667 and 1170.12 and added section 1170.126, changing the requirements for sentencing a third strike offender to an indeterminate life term.

> "Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. [Citations.]

_____

[2] The People agree with defendant that the trial court's denial of defendant's petition for recall of sentence is an appealable order. The issue is currently pending before our Supreme Court. (See *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708.) We assume without deciding that the appeal lies.

3

The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." (*Yearwood*, *supra*, 213 Cal.App.4th at pp. 167-168.)

"Thus, there are two parts to the Act: the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony [citations]; the second part is *retrospective*, providing *similar, but not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony [citation]." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1292.) "The main difference between the prospective and the retrospective parts of the Act is that the retrospective part of the Act contains an 'escape valve' from resentencing prisoners whose release poses a risk of danger." (*Id.* at p. 1293.)

In approving the Act, the electorate declared that its purpose was both to prevent the early release of dangerous criminals and to relieve prison overcrowding by allowing low-risk, nonviolent inmates serving life sentences for petty crimes, to receive shorter sentences, thereby saving money while protecting public safety. (Ballot Pamp., Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105.) The electorate also mandated that the Act be liberally construed to effectuate the protection of the health, safety, and welfare of the People. (Ballot Pamp., *supra*, text of Prop. 36, § 7, p. 110.) Such findings in voter ballot pamphlets may be used to illuminate ambiguous or uncertain provisions of an enactment. (See *Yearwood*, *supra*, 213 Cal.App.4th at p. 171.)

B. *Pleading and Proof*

The Act requires pleading and proof when ineligibility for lenient treatment under the Act applies *prospectively*, that is, to persons currently charged with a three strikes offense that is not itself defined as serious or violent. (§§ 667, subd. (e)(2)(C) ["unless the prosecution pleads and proves any of the following"]; 1170.12, subd. (c)(2)(C)

4

["unless the prosecution pleads and proves any of the following"].)  No pleading and proof language appears in the part of the Act addressing relief to persons previously sentenced under the three strikes law, which reads in relevant part as follows:

> "An inmate is eligible for resentencing if:
>
> "(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.
>
> "(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
>
> "(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."  (§ 1170.126, subd. (e).)

Nowhere in the resentencing provisions of the Act--section 1170.126, subdivision (e), quoted above--is there any reference to pleading and proof of disqualifying factors.  Generally speaking, a pleading and proof requirement will not be implied.  (See *People v. Griffis* (2013) 212 Cal.App.4th 956, 962-965.)

Instead, section 1170.126, subdivision (f) provides that, "Upon receiving a petition for recall of sentence under this section, *the court* shall determine whether the petitioner satisfies the criteria in subdivision (e)."  (Emphasis added.)  There is no provision for the People to plead or prove anything, the burden falls *on the trial court* to make the determination whether a defendant meets the prima facie criteria for recall of sentence.[3]

---

[3] If the trial court finds those criteria satisfied there is then a hearing at which the parties may address whether defendant would pose an unreasonable risk to public safety, and if not, what the new sentence should be.  (See *Kaulick*, *supra*, 215 Cal.App.4th at pp. 1296-1300.)

In this case, the trial court determined the current offense fell within the bar of section 667, subdivision (e)(2)(C)(iii), and section 1170.12, subd. (c)(2)(C)(iii), each of which describes the circumstance where "During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or *intended to cause great bodily injury to another person*." (Emphasis added.)

Because the electorate required pleading and proof of these disqualifying facts in the prospective part of the Act, but not the retrospective part, we presume the intention was to dispense with a pleading and proof requirement in the latter case. "We presume the [electorate] intended everything in a statutory scheme, and we do not read statutes to omit expressed language or to include omitted language. [Citation.] When ' " ' "a statute on a particular subject omits a particular provision, the inclusion of such a provision in another statute concerning a related matter indicates an intent that the provision is not applicable to the statute from which it was omitted." ' " ' " (*Tyrone W. v. Superior Court* (2007) 151 Cal.App.4th 839, 850.)

Defendant nonetheless contends that because the resentencing portion of the Act *cross-references* the prospective portions of the Act, it necessarily incorporated the pleading and proof requirement in the prospective portions. This claim has some superficial appeal. (Accord, *Palermo v. Stockton Theaters, Inc.* (1948) 32 Cal.2d 53, 58-59 [where a statute references another statute, it presumably references it as it existed at the time of the reference, and not as it may be amended later].) However, on closer inspection, this contention is not persuasive.[4]

---

[4] In response to defendant's contention, the People in part claim that there is no enhancement for *intending* to inflict great bodily injury, only for personally *inflicting* great bodily injury on a non-accomplice during the commission of a felony or attempted felony. (§ 12022.7.) That does not require an actual intent to inflict great bodily injury. (*People v. Poroj* (2010) 190 Cal.App.4th 165, 172-176; see Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law (Nov. 4, 2013) Petition for Resentencing, p. 29 ["indeed, there is no crime or special penalty for committing a crime with the intent to cause great bodily injury"].) In their briefing, the People reasoned that

If the electorate meant to impose a pleading and proof requirement, they would have done so in clear terms, but instead directed trial courts to find ineligible those persons who "[d]uring the commission of the current offense, . . . used a firearm, [were] armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) Although *some* persons may have had such disqualifying factors plead and proved in the current case, in most cases such factors would not have been adjudicated. To adopt defendant's reasoning would be to undermine one purpose of the People, acting via their reserved initiative powers, viz., to preclude dangerous persons from the recall provision.

Again, in the portion of the Act dealing with prospective application of the reformed three strikes law to new cases, the statute requires the prosecution to plead and prove any factor which would qualify the defendant for a life term sentence, including, where appropriate, that the defendant intended to inflict great bodily injury. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) In the portion of the Act seeking to shorten the sentences of nonviolent and nondangerous prisoners, no such pleading and

*nobody* sentenced in California before the Act could have been subject to pleading and proof of this factor. Thus, the People contended, a pleading and proof requirement would be "absurd" because each part of a statute must be deemed to have effect (see *People v. Clark* (1992) 10 Cal.App.4th 1259, 1266) and in their view, defendant's interpretation would nullify part of the Act because nobody would be subject to that provision.

But, as the People conceded in argument, section 12022.7 originally applied where and only where a "person, who, *with the intent to inflict such injury*, personally inflicts great bodily injury" on a non-accomplice during a felony or attempted felony. (Stats. 1993, ch. 608, § 1, p. 3262, emphasis added; see Stats. 1979, ch. 146, § 17, p. 341 [prior similar language]; Stats. 1976, ch. 1139, § 306, p. 5162 [similar original language].) The intent to inflict injury element was eliminated in 1995. (Stats. 1995, ch. 341, §1, p. 1851; see *People v. Carter* (1998) 60 Cal.App.4th 752, 755-756.) Therefore, there presumably exists a class of persons who were adjudicated--after appropriate pleading and proof--to have intended to inflict great bodily injury, that is, all persons charged and found liable for the section 12022.7 enhancement between the effective date of the determinate sentencing law and the 1995 amendment rewriting section 12022.7. Indeed, defendant could have been one of those persons had the enhancement been pled and proven, as he was convicted in 1994. Thus, the People's argument is unsound.

7

proof requirement is stated. The differences in approach make sense. Prospectively, the prosecution is seeking, in the case of nonserious or nonviolent third strikes, to impose a life term, which would not be possible without the added factors. But in a retrospective analysis of sentences, the increased punishment has already been lawfully imposed.

For this reason, we agree with the court in *Kaulick, supra,* 215 Cal.App.4th 1279. "Had the drafters of the Act intended [defendant's] interpretation, the retrospective part of the Act would have provided that if the petitioner were eligible for resentencing, the sentence would be recalled and the petitioner sentenced to a second strike sentence 'unless the prosecution pleads and proves' that such a sentence would constitute an unreasonable risk of danger to the community. They did not do so." (*Id.* at p. 1303, fn. 26.)

This quotation from *Kaulick* directly addresses the *second* step in a recall of sentencing case, that is, whether a person statutorily eligible to petition for retrospective relief is found to be too dangerous to release. (See *Kaulick*, *supra*, 215 Cal.App.4th at pp. 1302-1303.) However, in our view *Kaulick*'s reasoning applies equally to *all* of the retrospective part of the Act. Our conclusion is bolstered by *People v. White* (2014) 223 Cal.App.4th 512. White had been convicted of possession of a firearm by a felon, which is not a disqualifying fact, that is, it had never been pled or proven that he was *armed* with a firearm, only that he was in *possession* of a firearm. (*Id.* at pp. 518-519.) However, *White* held that it was appropriate in considering White's recall petition for the trial court to consider the facts of the crime, as shown by the record, to disqualify him, following the logic of *Kaulick*: The requirement of pleading and proof for prospective application of the Act, and the absence of such requirement for retrospective application, indicates that pleading and proof is not a requirement for the latter. (*Id*. at pp. 524-527.) We agree with this interpretation.

C.  *Use of Prior Opinion to Establish Ineligibility*

Beyond his pleading and proof argument, which we have addressed *ante*, defendant argues the trial court's reliance on facts "beyond the record of conviction" was error, contending that the court should not have looked at our prior opinion to determine whether the facts showed he was ineligible because he intended to inflict great bodily injury.  He contends that if the face of the judgment does not reflect a disqualifying factor, the time to consider the underlying facts would be at the next step contemplated by the Act, the hearing to determine whether defendant is dangerous.  We disagree.

Under the three strikes law generally, a trial court may look to the whole record of a prior conviction to determine whether the facts meet the definition of a strike, *including looking to a prior appellate decision.*  (See *People v. Woodell* (1998) 17 Cal.4th 448, 454-457 (*Woodell*) [foreign state appellate opinion used to show defendant's prior conviction qualified as a strike under California law because it showed he personally used a deadly weapon]; see 1 Witkin, Cal. Evidence (5th ed. 2012) Hearsay, § 246, p. 1112.)  We see no reason why Proposition 36 would change this rule.  (See Couzens & Bigelow, *supra*, p. 38 ["It is likely the court could consider any documentary evidence that is part of the 'record of conviction:' 'those record documents reliably reflecting the facts of the offense for which the defendant has been convicted' "].)[5]

If the prior opinion does not sufficiently establish the facts, "the defendant, who suffered the conviction and took the appeal, would know of and be able to challenge any material flaws or omissions in the opinion."  (*Woodell*, *supra*, 17 Cal.4th at p. 457.)  Although defendant has indicated he wants to air those facts at a hearing on future dangerousness, and claims he was denied a hearing to contest the trial court's interpretation of the facts, he makes no claim that our prior opinion *misstated* them.  In

_____

[5] Indeed, trial counsel, in a document annexed to the notice of appeal, conceded the trial court was "correct that it can rely upon facts from an appellate decision" under *Woodell*, although she argued defendant should be allowed to contest those facts.

9

such circumstances, we see no reason why the trial court's use of our prior opinion to determine the facts was improper.

To the extent our prior appellate opinion may be viewed as "hearsay," it is still admissible in the context of a Proposition 36 eligibility review. Reliable hearsay is deemed sufficient for purposes of revoking probation or parole, somewhat analogous proceedings where a defendant's due process rights are less than those at the initial criminal proceeding. (See *In re Miller* (2006) 145 Cal.App.4th 1228, 1234-1235 [parole revocation hearing]; *People v. Brown* (1989) 215 Cal.App.3d 452, 454 [probation revocation hearing]; see also *People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1065-1067 [deferred entry of judgment revocation].) If defendant had thought the facts stated in our prior opinion were materially inaccurate, he had the remedy of petitioning for a rehearing. "[I]f a party disagrees with the Court of Appeal's selection of the material facts or identification of the applicable law, the party can petition for a rehearing and point out the deficiencies in the court's opinion." (*People v. Garcia* (2002) 97 Cal.App.4th 847, 854-855; see *Torres v. Parkhouse Tire Service Inc.* (2001) 26 Cal.4th 995, 1000, fn. 2 [Supreme Court's policy is to decline to review facts of appellate court decision if no petition for rehearing challenging the facts was filed]; Cal. Rules of Court, rule 8.500(c)(2).) Defendant did not file a petition for rehearing in this court. Therefore, we presume the facts previously stated by this court were faithful to the appellate record before us and reliably summarized the evidence against defendant.

II

*Sufficiency of the Evidence from Prior Opinion*

Defendant contends our prior opinion does not adequately establish that he intended to inflict great bodily injury on his victim. He acknowledges the opinion describes facts supporting spousal abuse, but contends they lack "specificity" to show an intent to inflict great bodily injury. We disagree.

Defendant acknowledges we review the trial court's finding under the familiar sufficiency of the evidence standard. "We review the whole record in a light most favorable to the [order] to determine whether it contains substantial evidence, i.e., evidence that is credible and of solid value, from which a rational trier of fact could find beyond a reasonable doubt that the accused committed the offense." (*In re Ryan D.* (2002) 100 Cal.App.4th 854, 859; see *People v. Barnes* (1986) 42 Cal.3d 284, 303-304.)

The trial court summarized our prior opinion and found the facts reflected an intent to commit great bodily injury. Substantial evidence supports that finding.

The jury heard evidence that on May 12, 1994, defendant took his wife to the hospital for a bloody nose. Although the victim told an experienced emergency room nurse that defendant accidentally hit her with his elbow while they were in bed, the nurse did not believe the fracture was accidental, but was caused by a closed fist or other object. The nurse also observed the victim had a bruised chin, swollen lip, and had red fingerprints on her neck. Other bruises on the victim appeared to be of different ages. After the nurse had defendant leave the room, she asked if defendant had beaten her and the victim eventually admitted he had, but then said she would deny it. Officers who arrested defendant that night also saw the victim's injuries.

The trial court also stated that evidence of prior violence by defendant was introduced under Evidence Code section 1101, subdivision (b), but did not summarize that evidence. "Where a defendant is charged with a violent crime and has or had a previous relationship with a victim, prior assaults upon the same victim, when offered on disputed issues, e.g., identity, intent, motive, etcetera, are admissible based solely upon the consideration of identical perpetrator and victim without resort to a 'distinctive modus operandi' analysis of other factors." (*People v. Zack* (1986) 184 Cal.App.3d 409, 415; see *People v. Hoover* (2000) 77 Cal.App.4th 1020, 1026 ["Even before the enactment of [Evidence Code] section 1109, the case law held that an uncharged act of domestic violence committed by the same perpetrator against the same victim is admissible"].)

11

The prior act evidence shows, in summary, that defendant physically abused his spouse almost *daily*. During one particularly violent incident:

> "Cathy McCain and Deputy Sheriff Robert Davenport testified about the incident in Nevada City. McCain was in her front yard when she saw a man in a car strike a woman with his full weight. After he hit her about six times, McCain yelled for him to stop. She had her boyfriend block the dead-end street and called the police. The man she saw hitting the woman was defendant.
>
> "Deputy Davenport was dispatched to the scene. Both of Mrs. Guilford's eyes were bruised, her cheeks were red, and there was a bruise on her chin. She told the officer she had fallen in Sacramento and denied defendant hit her. When Davenport said defendant admitted slapping her, she admitted it, but said he did not mean to. She maintained her injuries were the result of a fall. Photographs of her injuries were admitted at trial. Defendant told the officer he hit his wife just three times. When asked why, defendant responded, 'no reason.' " (*People v. Guilford* (Oct. 30, 1996, C019691) [nonpub. opn.] slip opn. at pp. 6-7.)

Based on this evidence, the trial court could rationally have found that defendant intended to inflict great bodily injury when he punched his wife in the nose.

### III

### *Right to a Jury Trial*

Defendant contends he is entitled to a jury trial under the Sixth Amendment as to whether he is eligible for resentencing under the Act.

This contention already has been resolved against defendant. "[T]he United States Supreme Court has already concluded that its opinions regarding a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do not apply to limits on downward sentence modifications due to intervening laws." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1304; see *Dillon v. United States* (2010) 560 U.S. 817, 828-829 [177 L.Ed.2d 271, 285].)

Contrary to defendant's view, nothing in *Alleyne v. United States* (2013) 570 U.S. __ [186 L.Ed.2d 314] assists him. As described by our Supreme Court, in *Alleyne*, "the United States Supreme Court held that the federal Constitution's Sixth Amendment

entitles a defendant to a jury trial, with a beyond-a-reasonable-doubt standard of proof, as to 'any fact that increases the mandatory minimum' sentence for a crime." (*People v. Nunez & Satele* (2013) 57 Cal.4th 1, 39, fn. 6.)  The denial of a recall petition does not increase the mandatory minimum sentence for a defendant's crime.[6]

## DISPOSITION

The order denying the recall petition under the Act is affirmed.


      DUARTE      , J.


We concur:


      BUTZ      , Acting P. J.


      HOCH      , J.

---

[6]  In the reply brief, defendant purports to compare his case and *Dillon* to *Pepper v. United States* (2011) 562 U.S. __ [179 L.Ed.2d 196], a case decided well before the opening brief was filed.  By withholding this case until the reply brief, defendant has deprived the People of the opportunity to address *Pepper*, and defendant offers no justification therefore.  We therefore deem the belated argument about *Pepper* to be forfeited.  (See *Kahn v. Wilson* (1898) 120 Cal. 643, 644; *People v. Baniqued* (2000) 85 Cal.App.4th 13, 29.)

13