Filed 3/23/15  P. v. Bowden CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073471 |
| v. | (Super. Ct. No. 08F10399) |
| LADON BOWDEN, | |
| Defendant and Appellant. | |

Defendant Ladon Bowden, an inmate serving an indeterminate life sentence imposed pursuant to the three strikes law (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i))[1], appeals from the trial court's denial of his petition to recall his sentence and for resentencing under section 1170.126, the Three Strikes Reform Act of 2012 (the Act), which became effective November 7, 2012, after the voters approved Proposition 36 in the General Election of November 6, 2012.  Section 1170.126 "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law *for a crime that is not a serious or*

---

[1]     Undesignated statutory references are to the Penal Code.

*violent felony* and *who is not disqualified*, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168; italics added (*Yearwood*).)

The trial court concluded defendant was not eligible for resentencing because his life sentence was imposed for a "serious felony," i.e., willful infliction of corporal injury on a former cohabitant resulting in a traumatic condition (§ 273.5, subd. (a)) "in which the defendant personally inflict[ed] great bodily injury" on the victim. (§ 1192.7, subd. (c)(8); see § 1170.126, subd. (e)(1).) The trial court also concluded defendant was not eligible for resentencing because he "intended to cause great bodily injury" to the victim. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); see § 1170.126, subd. (e)(2).)

On appeal, defendant challenges each of these conclusions, arguing (1) a great bodily injury enhancement was neither pled nor proven at trial, and (2) the trial court erroneously found he "'intended to, and did in fact, inflict great bodily injury'" on the victim "based upon a selective reading alone of the facts from [our] opinion" affirming the underlying judgment. (*People v. Bowden* (Aug. 25, 2011, C064732) [nonpub. opn.] (*Bowden*).)[2] We disagree and affirm.

Defendant's first argument is forfeited. While correctly observing the prosecution did not plead and prove a great bodily injury enhancement at trial, defendant presents no meaningful legal argument regarding whether section 1170.126 contains a pleading and proof requirement. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"].) In any event, we have already concluded

---

[2] On our own motion, we take judicial notice of our unpublished opinion in the prior appeal. (Evid. Code, § 452, subd. (d)(1); *Mendoza v. Wichmann* (2011) 194 Cal.App.4th 1430, 1433, fn. 2.)

section 1170.126 contains no such requirement. (*People v. Guilford* (2014) 228 Cal.App.4th 651, 659 (*Guilford*).) We address this argument no further.

Defendant's second argument also fails. As we explained in *Guilford, supra*, 228 Cal.App.4th 651, "we see no reason why the trial court's use of our prior opinion to determine the facts was improper." (*Id*. at p. 660.) Based on the facts of defendant's crime, as stated in our prior opinion, the trial court was justified in finding defendant personally inflicted great bodily injury on the victim. Because only one disqualifying circumstance is necessary to render defendant ineligible for resentencing under section 1170.126, we express no opinion as to whether the facts also support the trial court's alternative finding that defendant intended to cause such injury.

BACKGROUND

Defendant was convicted by jury of inflicting corporal injury on a former cohabitant resulting in a traumatic condition. Thereafter, the trial court found defendant was previously convicted of two strike offenses and sentenced him to serve an indeterminate term of 25 years to life in state prison. (*Bowden, supra,* C064732.)

On November 6, 2012, California voters approved Proposition 36. "The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment" (§§ 667, 1170.12) and "also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*Yearwood*, *supra*, 213 Cal.App.4th at pp. 167-168.)

The following month, defendant filed a petition to recall his sentence and for resentencing under the Act. The trial court denied the petition, concluding defendant was not eligible for resentencing because: (1) his life sentence was imposed for a "serious

3

felony," i.e., "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . ." (§ 1192.7, subd. (c)(8); see § 1170.126, subd. (e)(1)); and (2) defendant "intended to cause great bodily injury to another person" during the commission of the offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); see § 1170.126, subd. (e)(2)). As already indicated, the trial court relied on our prior opinion in making these factual findings.

DISCUSSION

Defendant claims the trial court erred in relying solely on our prior opinion in finding he inflicted great bodily injury on the victim, and intended to do so, when he committed the crime of inflicting corporal injury on a former cohabitant causing a traumatic condition. We disagree.

In *Guilford*, *supra*, 228 Cal.App.4th 651, we explained: "Under the three strikes law generally, a trial court may look to the whole record of a prior conviction to determine whether the facts meet the definition of a strike, *including looking to a prior appellate decision*. [Citations.] We see no reason why Proposition 36 would change this rule. [Citation.] [¶] If the prior opinion does not sufficiently establish the facts, 'the defendant, who suffered the conviction and took the appeal, would know of and be able to challenge any material flaws or omissions in the opinion.' [Citation.] Although defendant has indicated he wants to air those facts at a hearing on future dangerousness, and claims he was denied a hearing to contest the trial court's interpretation of the facts, he makes no claim that our prior opinion *misstated* them. In such circumstances, we see no reason why the trial court's use of our prior opinion to determine the facts was improper. [¶] To the extent our prior appellate opinion may be viewed as 'hearsay,' it is still admissible in the context of a Proposition 36 eligibility review. Reliable hearsay is deemed sufficient for purposes of revoking probation or parole, somewhat analogous proceedings where a defendant's due process rights are less than those at the initial criminal proceeding. [Citations.] If defendant had thought the facts stated in our prior

4

opinion were materially inaccurate, he had the remedy of petitioning for a rehearing. '[I]f a party disagrees with the Court of Appeal's selection of the material facts or identification of the applicable law, the party can petition for a rehearing and point out the deficiencies in the court's opinion.' [Citations.] Defendant did not file a petition for rehearing in this court. Therefore, we presume the facts previously stated by this court were faithful to the appellate record before us and reliably summarized the evidence against defendant." (*Id*. at pp. 660-661, fn. omitted.)

Here, as the trial court correctly observed in denying defendant's petition, our prior opinion did not provide a separate factual recitation, but instead recited the facts of defendant's present offense in the discussion portion of the opinion. However, the facts of this offense were highly relevant to our analysis of whether the trial court abused its discretion by declining to strike one of defendant's prior strike convictions. (See *People v. Williams* (1998) 17 Cal.4th 148, 161 [nature and circumstances of present conviction is one of the factors a trial court uses to determine whether a defendant falls outside the spirit of the three strikes law].) In our discussion of this issue, we explained: "[T]he present offense . . . involved vicious unprovoked acts of violence that left the victim with a bloodied and swollen face, and a claimed memory loss. Witnesses had described defendant returning to the car after first beating the victim to punch her some more." (*Bowden*, *supra*, C064732 [at pp. 6-7].) In a separate portion of the discussion, we explained that "the police had described lacerations on the right side of the victim's face, with blood flowing from an apparent injury on the top of her head and her eye swollen shut . . . ." (*Bowden, supra,* C064732 [at p. 5].) As in *Guilford*, *supra*, 228 Cal.App.4th 651, defendant could have filed a petition for rehearing challenging these descriptions of the offense, but did not do so. Accordingly, we presume they are accurate and conclude they sufficiently establish defendant personally inflicted great bodily injury on the victim, i.e., "a significant or substantial physical injury." (§ 12022.7, subd. (f); see *People v. Escobar* (1992) 3 Cal.4th 740, 745-750 [great bodily injury finding adequately supported

5

by evidence of extensive bruises and abrasions over the rape victim's legs, knees and elbows, injury to her neck, and severe soreness in her vaginal area].)

## DISPOSITION

The judgment (order denying the recall petition under Penal Code section 1170.126) is affirmed.


                                               _____HOCH\_\_\_\_\_, J.


We concur:


_____BLEASE\_\_\_\_, Acting P. J.


_____BUTZ_____, J.

6