Filed 6/25/15  P. v. Buck CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C076569 |
| Plaintiff and Respondent, | (Super. Ct. No. CH024889) |
| v. | |
| GREGORY ALLEN BUCK, | |
| Defendant and Appellant. | |

Defendant Gregory Allen Buck appeals from the trial court's denial of his petition for resentencing under the Three Strikes Reform Act of 2012 (the Act) based on the court's finding that resentencing would pose an unreasonable risk of danger to public safety.  (Pen. Code, § 1170.126.)[1]  He contends that he has a right to a jury trial on the danger to public safety issue.  In a supplemental brief, he contends that the definition of unreasonable risk of danger to public safety found in the resentencing provision of

---

[1]  Undesignated statutory references are to the Penal Code.

1

Proposition 47, section 1170.18, applies to the determination of whether resentencing would pose such a risk.

We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

We take the facts of defendant's current crime from this court's opinion affirming his conviction and sentence. (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661 [prior appellate opinion admissible to prove ineligibility in a section 1170.126 proceeding].)

Defendant, an inmate at High Desert State Prison, and another inmate attacked a third inmate, causing the victim to sustain puncture wounds to his chest and right side. (*People v. Buck* (June 25, 2010, C061898) [nonpub. opn.] slip opn. at pp. 2-3 (*Buck*).) A jury convicted defendant of assault with a deadly weapon or by force likely to cause great bodily injury by an inmate serving less than a life sentence. (§ 4501; *Buck*, at p. 1.) The trial court found two strike allegations true and sentenced defendant to 25 years to life, consecutive to the term he had been serving at the time of the assault. (*Buck*, at pp. 1-2.)

On November 8, 2013, defendant filed a petition for resentencing pursuant to section 1170.126. The trial court found defendant was potentially eligible for resentencing and ordered a hearing on the matter.

Harold Wagner, a deputy warden at High Desert State Prison, was the sole witness. Deputy Wagner recited defendant's criminal record, which consisted of the following convictions: vandalism in 1981; misdemeanor petty theft in 1982; misdemeanor petty theft with a prior in 1986; unlawful taking of a vehicle, receiving stolen property, and giving false identification to a police officer in 1987; assault with a deadly weapon, unlawfully taking a vehicle, and second degree robbery in 1988; misdemeanor petty theft with a prior in 1990; misdemeanor possession of dangerous drugs without a prescription and misdemeanor possession of a controlled substance in 1991; being under the influence of a controlled substance, misdemeanor hit and run

2

causing death or injury, and misdemeanor possession of a dangerous weapon in 1993; misdemeanor second degree burglary, two incidents of misdemeanor possession of a controlled substance, possession of a dangerous weapon, and receiving stolen property in 1994; unlawful taking of a vehicle, receiving stolen property, and possession of a controlled substance for sale in 1995; assault with a deadly weapon with a great bodily injury enhancement in 1998; and the current 2009 conviction for assault by a prisoner.

Defendant had four sustained prison rules violations in the 1990's. In 2001, he had sustained violations for battery on an inmate and delaying a peace officer. He sustained a violation for possession of a hypodermic kit in 2002. In 2003, he sustained a charge of possession of a deadly weapon. He sustained violations for manufacture of alcohol, mutual combat, and delaying a peace officer in 2005. In 2009 and 2011, defendant sustained violations for attempted murder. Defendant also sustained violations for possession of a weapon in 2009 and for possession of a controlled substance for distribution in 2013. Defendant had pending rules violation reports for attempted murder in 2013 and for possession of dangerous contraband and possession of a weapon in 2014.

The trial court denied the petition, finding that resentencing defendant would pose an unreasonable risk of danger to public safety.

## DISCUSSION

## I. Right to Jury Trial Claim

Defendant contends he has a Sixth Amendment and due process right to have a jury determine whether his resentencing would pose an unreasonable risk of danger to public safety.

Following the Act, a defendant convicted of a felony with two or more prior strike allegations is subject to a sentence of 25 years to life if the current conviction is a serious or violent felony but is subject only to a two strike sentence if the current felony is not serious or violent. (§§ 667, subds. (e)(2)(A), (e)(2)(C), 1170.12, subds. (c)(2)(A), (c)(2)(C); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170.)

3

Section 1170.126 allows a person presently serving a three strikes sentence for a felony that is neither serious nor violent to petition for resentencing as a second strike offender. (§ 1170.126, subd. (a).)[2] A prisoner is disqualified from resentencing if his current conviction or criminal record come within the four disqualifying factors listed in sections 667, subdivision (e)(2)(C), and 1170.12, subdivision (c)(2)(C). (§ 1170.126, subd. (e).) If the prisoner is not subject to one of the disqualifying factors, then the trial court shall resentence him under the two strikes provision "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Defendant contends that for a defendant who, like himself, is eligible for resentencing, then the Act establishes the two strike sentence as the "mandatory minimum sentence" unless future danger to public safety is established. Citing *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435], defendant contends he is entitled to a jury trial on the future danger issue because a finding of future danger effectively increases his punishment from the mandatory minimum.

---

[2] Although a minute order shows defendant was convicted of assault with a deadly weapon by an inmate, which is a serious felony offense under section 1192.7, subdivision (c)(13), this court's appellate opinion says defendant was convicted of assault with a deadly weapon *or by force likely to cause great bodily injury by an inmate*. (*Buck*, *supra*, slip opn. at p. 1.) Assault by force likely to cause great bodily injury by an inmate is not a serious or violent felony offense unless the defendant caused great bodily injury. (§ 667.5, subd. (c)(8) [defining violent felony offense as including a felony offense where the defendant inflicts great bodily injury]; § 1192.7, subd. (c)(8) [defining serious felony offense as including a felony offense where the defendant personally inflicts great bodily injury]; see also § 1192.7, subd. (c)(23) [defining serious felony offense as including any felony offense in which the defendant personally used a deadly weapon].) The coperpetrator in defendant's commitment offense is the person who actually used the weapon and caused injury to the victim. (*Buck*, at pp. 2-4, 6, 8.) Thus, defendant's commitment offense does not qualify as a serious or violent felony offense and does not disqualify him from sentence reduction consideration under section 1170.126.

4

This issue has been resolved and we need not elaborate. Defendant's contention was rejected by another appellate court in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279. We reject defendant's contention for the reasons stated in *Kaulick.* (*Kaulick*, at pp. 1301-1303; cf. *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1060 [no right to jury trial concerning eligibility determination]; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1039-1040 [same].)

## II. Definition of Unreasonable Risk of Danger to Public Safety

In a supplemental brief, defendant argues that the standard for determining dangerousness enacted in Proposition 47 should apply to his resentencing hearing. We disagree.

The stated "[p]urpose and [i]ntent" of Proposition 47 include, among other things, "[r]equir[ing] misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes"; "[a]uthoriz[ing] consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors"; and "[r]equir[ing] a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subds. (3), (4) & (5), p. 70.)

Proposition 47 also enacted section 1170.18, under which "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence . . . [and] request resentencing . . . . [¶] . . . If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. In

5

exercising its discretion, the court may consider all of the following:  [¶]  (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes.  [¶]  (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated.  [¶]  (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."  (§ 1170.18, subds. (a) & (b).)

Defendant asserts the definition of " 'unreasonable risk of danger to public safety' " in section 1170.18, subdivision (c), supersedes the definition of that term in section 1170.126.  Section 1170.18, subdivision (c), provides:  "As used throughout this Code, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667."

Defendant's argument that the new definition of " 'unreasonable risk of danger to public safety' " is based on the rule of retroactivity set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).  Under the *Estrada* rule, a legislative amendment that lessens criminal punishment is presumed to apply to all cases not yet final (the Legislature deeming its former penalty too severe), unless there is a "saving clause" providing for prospective application.  (*Id*. at pp. 742, 745, 748.)  According to defendant, section 1170.18, like section 1170.126, is remedial legislation that is therefore "entitled to the fullest retroactive application."

*Estrada* does not apply here because applying the definition of "unreasonable risk of danger to public safety" in Proposition 47 to petitions for resentencing under the Act does not reduce punishment for a particular crime.  Rather, it arguably changes the lens through which the dangerousness determinations under the Act are made.

This is consistent with the Supreme Court's most recent interpretation of *Estrada*. "*Estrada* is . . . properly understood, not as weakening or modifying the default rule of

6

prospective operation codified in section 3,[3] but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments."  (*People v. Brown* (2012) 54 Cal.4th 314, 324.)  Expanding *Estrada*'s scope to include the definition of "unreasonable risk of danger to public safety" in Proposition 47 in a petition for resentencing under the Act would conflict with "section 3['s] default rule of prospective operation."  (*Id.* at p. 324.)  Since there is no evidence in Proposition 47 that this definition was to apply retrospectively to petitions for resentencing under the Act, applying *Estrada* here would be improper given that the definition of 'unreasonable risk of danger to public safety' in Proposition 47 does not reduce punishment for a particular crime.  Therefore, the definition of "unreasonable risk of danger to public safety" found in Proposition 47 does not apply to section 1170.126 petitions for resentencing decided before the effective date of Proposition 47.

Accordingly, we reject defendant's request for retroactive application of the language in section 1170.18 to his petition for resentencing pursuant to section 1170.126.

---

**3**  Section 3 provides that no part of the Penal Code is retroactive "unless expressly so declared."

**DISPOSITION**

The trial court's orders are affirmed.

                                                      MURRAY       , J.

We concur:

       RAYE          , P. J.

       BLEASE       , J.