Filed 8/27/15  P. v. Samuels CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C076902 |
| Plaintiff and Respondent, | (Super. Ct. No. SF110947A) |
| v. | |
| MERRILL EUGENE SAMUELS, | |
| Defendant and Appellant. | |

Defendant Merrill Eugene Samuels challenges the trial court's order committing him to Patton State Hospital (Patton) for a maximum of three years with credit for 357 days served.  The People agree that defendant was entitled to additional credit for time already spent at Patton.  The People calculate defendant's credit at 581 days served at the time of the order at issue, a calculation with which we agree.  We will modify the commitment order.

1

Defendant was charged with five counts of lewd and lascivious acts on a child under the age of 14 (Pen. Code, § 288, subd. (a))[2] and two counts of oral copulation with a child 10 years old or younger (§ 288.7, subd. (b)). The trial court found defendant incompetent to stand trial and committed him to a state hospital for the maximum term of three years pursuant to section 1370. Defendant was at Patton from October 15, 2009, to November 17, 2010, when he was returned to county jail following a determination that he was competent to stand trial. Criminal proceedings were reinstituted.

However, concerns about defendant's competence resurfaced. In July 2012, a jury determined that defendant was incompetent to stand trial. Pursuant to the jury's verdict, the trial court committed defendant to a state hospital for the maximum term of three years pursuant to section 1370. Defendant was admitted to Patton for a second time on December 20, 2012.[3] He appealed this (second) admission to Patton, claiming the trial court failed to account for the 398 days he had already been held at Patton in setting his maximum term of commitment. We agreed, and modified the judgment to provide that defendant be committed to the state hospital for a maximum term of 697 days (the original three-year term of 1,095 days minus 398 days already served at Patton). We affirmed the judgment as modified, filing our opinion on May 22, 2014.

Meanwhile, defendant was returned to San Joaquin County for a contested competency hearing pursuant to section 1372. At the conclusion of the hearing, the trial court found defendant incompetent within the meaning of section 1368, but found a

---

[1] We borrow liberally from our prior opinion in this case. (*People v. Samuels* (May 22, 2014, C072895) [nonpub. opn.].)

[2] Further undesignated statutory references are to the Penal Code.

[3] This date is at issue in the instant appeal, as we explain *post*.

reasonable likelihood he could recover his competency. On June 9, 2014, the court ordered that defendant be readmitted to Patton for the maximum term of three years, with credit for 357 days of treatment time. Judgment was entered on June 11, 2014.

Defendant filed a timely notice of appeal, again contending the trial court acted in excess of its jurisdiction when it committed him (for the third time) to the state hospital without giving him full credit for his prior commitments to Patton. Specifically, he contends he was recommitted to Patton on November 6, 2012 (a date he claims is established in the prosecution's motion for recommitment), and remained there until June 20, 2013, when he was restored to competency and returned to San Joaquin County. Defendant claims he was therefore entitled to 227 days of credit for the second commitment, plus 398 days of credit for the previous commitment, for a total of 625 days of credit, resulting in a maximum remaining commitment of 470 days (1095 maximum days minus 625 days credited).

The People agree the trial court erred in its calculation, and agree defendant was at Patton until June 20, 2013, but argue defendant was recommitted on December 20, 2012, rather than November 6, 2012. Therefore, the People argue, he was entitled to 183 days (rather than 227 days) of credit for the second commitment, plus 398 days of credit for the previous commitment, for a total of 581 days of credit, resulting in a maximum remaining commitment of 514 days (1095 maximum days minus 581 days credited). Defendant did not file a reply brief addressing this argument by the People.

**DISCUSSION**

Section 1370, subdivision (c)(1) provides that three years is the maximum term a person may be committed to a state hospital based on a determination that the person is mentally incompetent to stand trial. (*In re Mille* (2010) 182 Cal.App.4th 635, 643-644.) "The three-year period . . . applies to the aggregate of all commitments for treatment for incompetency regarding the same charges." (*People v. Reynolds* (2011) 196 Cal.App.4th

3

801, 806.)  Thus, the trial court must include a defendant's prior commitment on the same charges when calculating a subsequent commitment for incompetency.

According to our prior opinion in this case, defendant was readmitted to Patton on December 20, 2012.  (*People v. Samuels, supra*, C072895.)  "[W]e presume the facts previously stated by this court were faithful to the appellate record before us and reliably summarized the evidence against defendant."  (*People v. Guilford* (2014) 228 Cal.App.4th 651, 661.)  It is undisputed that defendant remained at Patton until June 20, 2013.  Having spent 398 days there for his first commitment, and 183 days there for his second commitment, he was entitled 581 days of credit for his prior two commitments.

The trial court recommitted defendant to Patton for the maximum term of three years, minus 357 days credit for time served in the state hospital.  Defendant's recommitment exceeded the authorized maximum term because it did not account for all of the time he previously been held at Patton.  Of a possible aggregate commitment term of three years, or 1,095 days, defendant had already served 581 days of competency training.  Therefore, the trial court could only recommit defendant for a maximum term less than or equal to 514 days.

**DISPOSITION**

The judgment is modified to provide that defendant is recommitted to the state hospital for a maximum term of 514 days.  As modified, the judgment is affirmed.


                                                                     DUARTE            , J.


We concur:


RAYE                , P. J.


MAURO            , J.