Filed 10/27/15  P. v. Durst CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>ROBERT DURST,<br><br>    Defendant and Appellant. | C078548<br><br>(Super. Ct. No. 10F05210) |

Defendant Robert Durst appeals the trial court's denial of his petition to resentence his two felony convictions for receiving stolen property as misdemeanors pursuant to Penal Code section 1170.18.[1]  We will remand for further proceedings.

---

[1]  Unspecified statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

We take the facts of defendant's current crime from this court's opinion affirming his conviction and sentence.[2] (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661.)

Defendant lit a candle and opened a gas valve in a rental house belonging to his neighbor. A leasing agent arrived at the property and called 911 after smelling gas and noticing the gas meter spinning rapidly.

Firefighters arrived and turned off the gas. When they forced open the front door to ventilate the house, the house exploded. Three firefighters were severely injured in the blast, while another sustained less serious injuries.

Two weeks after the explosion, defendant was interviewed by detectives. He admitted that he had stolen items from the rental house, including copper, a water heater, and a ceiling fan. After several hours of questioning, defendant admitted that he took the candle to the rental house, lit it, opened the gas valve for the stove, and left the house. Defendant was arrested and, while in jail, again admitted his role in the house explosion.

On April 26, 2012, a jury convicted defendant of arson causing great bodily injury (§ 451, subd. (a)—count 1), possession of a firearm by a convicted felon (former § 12021, subd. (a)(1)—count 3), two counts of second degree burglary (§ 459—counts 2 and 4), and two counts of receiving stolen property (§ 496, subd. (a)—counts 5 and 6). The jury also found true allegations appended to the arson count that defendant caused great bodily injury to a firefighter (§ 451.1, subd. (a)(2)), caused great bodily injury to

_____

[2] See *People v. Durst* (Mar. 28, 2014, C071233), previously found at 225 Cal.App.4th 108 but ordered depublished by the Supreme Court. (*People v. Durst* (June 25, 2014, S217867) 2014 Cal. Lexis 4582.) In addition, we grant the People's request for judicial notice of the record on appeal in case No. C071233 (erroneously referred to by the People as "C072133"). (Evid. Code, §§ 452, subd. (d), 459.)

more than one person (§ 451.1, subd. (a)(3)), and used a device to accelerate the fire or delay ignition (§ 451.1, subd. (a)(5)).

On May 22, 2012, the trial court sentenced defendant to an aggregate term of 17 years in state prison, comprised of the upper term of nine years for the arson conviction, plus a consecutive five-year term for the accelerant enhancement, three consecutive eight month terms (one-third the middle term) for the two burglary convictions and the firearm possession conviction, a consecutive one-year term pursuant to section 667.5, subdivision (b), and a two-year term for each of the two receipt of stolen property convictions, stayed pursuant to section 654.

On December 18, 2014, defendant filed a petition pursuant to section 1170.18 to resentence as misdemeanors his two felony convictions for receiving stolen property.

On January 15, 2015, the trial court denied defendant's petition, finding him ineligible due to his "[c]urrent conviction(s)."

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends the trial court erred in denying his petition to resentence pursuant to section 1170.18 by reducing to misdemeanors his two felony convictions for receiving stolen property. Defendant claims the court erred in finding he was disqualified for resentencing based on his current convictions. He argues the matter should be reversed and remanded to the trial court for an evidentiary hearing to establish the value of the stolen property. In the alternative, he urges this court to "simply reduc[e] the two felony convictions to misdemeanors" in the interest of judicial economy.

The People concede the trial court's denial of defendant's petition was error because the court's stated reason for that denial was "facially incorrect." The People agree the matter should be remanded to allow the trial court to make a finding on the value of the stolen property and, if necessary, a determination of whether resentencing

3

defendant would "pose an unreasonable risk of danger to public safety" within the meaning of section 1170.18.

We conclude the matter should be remanded for further proceedings pursuant to section 1170.18.

The passage of Proposition 47 created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) If a defendant properly seeks recall and resentencing pursuant to section 1170.18, subdivision (a), the trial court must grant resentencing unless, in its discretion, it determines resentencing "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, is receiving stolen property where the property value does not exceed $950. (§ 496, subd. (a); see Voter Information Guide, *supra*, text of Prop. 47, § 9, p. 72.)

Defendant was convicted of two counts of receiving stolen property (counts 5 and 6) in violation of section 496, which provides for punishment "by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170," unless the "value of the property does not exceed nine hundred fifty dollars ($950)," in which case "the offense shall be a misdemeanor." (§ 496, subd. (a).)

Absent from the record on appeal is a transcript of the hearing on defendant's petition, or any other indication of what took place at that hearing.

With regard to the value of the stolen property, defendant remarks in passing that, "[w]hile there was no specific testimony as to the value of the items taken — it was not

4

relevant at the time — a very reasonable inference to draw was that the value of the items taken would not approach the $950 threshold established in the revised section 496." We disagree.

The record reflects that defendant's two counts were charged as felonies and that he was convicted and sentenced accordingly. Defendant concedes as much by filing his petition to resentence those felonies as misdemeanors. Thus, the more reasonable inference to be drawn is that the value of the items taken did in fact exceed the $950 threshold. However, in the absence of evidence in that regard, we will not speculate.

Because neither this record nor the record in defendant's prior appeal (case No. C071233) reveals a finding as to the value of the stolen property, we remand this matter to the trial court for further proceedings pursuant to section 1170.18. In particular, the trial court is directed to conduct an evidentiary hearing to determine the value of the stolen property at issue. In the event the determined value does not exceed $950, the court is further directed to recall the felony sentences for the two receipt of stolen property convictions and resentence defendant to misdemeanors "unless the court, in its discretion, determines that resentencing [defendant] would pose an unreasonable risk of danger to public safety" within the meaning of section 1170.18, subdivision (b).

## DISPOSITION

The matter is remanded to the trial court with directions to conduct further proceedings consistent with this opinion.

                                                          RAYE                , P. J.

We concur:

         NICHOLSON         , J.


         MAURO           , J.

5