Filed 4/6/15  P. v. Nelson CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B259291 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA242628) |
| v. | |
| RANDELL CEDRIC NELSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Randell Cedric Nelson appeals the trial court's denial of his motion for recall and sentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, a jury convicted Nelson of child custody deprivation (count 5, Pen. Code, § 278.5, subd. (a))[1] and possession of a firearm by a felon (count 8, former § 12021, subd. (a)(1).) The jury also found Nelson had suffered convictions for two counts of robbery (§ 211) in case No. BA016123 in September 1990. (§§ 667, subds. (a), (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).) It found the allegation that Nelson personally used a firearm in commission of count 5 not true. After the jury's verdict, Nelson pleaded guilty to kidnapping (count 4, § 207, subd. (a)) and admitted a serious felony conviction allegation. In exchange, the remaining counts were dismissed. Nelson was sentenced to a term of 55 years to life in prison, configured as follows. On count 4, the base count, the court imposed a term of 25 years to life pursuant to the "Three Strikes" law, plus a section 667, subdivision (a)(1) five-year serious felony enhancement. On count 5, deprivation of child custody, the court imposed a term of 25 years to life pursuant to the Three Strikes law, stayed pursuant to section 654. On count 8, felon in possession of a firearm, the court imposed a consecutive term of 25 years to life pursuant to the Three Strikes law. We affirmed the judgment. (*People v. Nelson* (Jan. 26, 2005, B170802) [nonpub. opn.].)

On June 11, 2014, Nelson petitioned for recall of his sentence and resentencing pursuant to Proposition 36, section 1170.126. The superior court appointed counsel for Nelson and issued an order to show cause (OSC) why the requested relief should not be granted. The People opposed the petition, arguing Nelson was statutorily ineligible for resentencing because (1) kidnapping is both a serious and a violent felony within the meaning of sections 1192.7, subdivision (c)(20) and 667.5, subdivision (c)(14);

---

[1]     All further undesignated statutory references are to the Penal Code.

2

(2) Nelson used and/or was armed with a firearm during commission of the offenses; (3) Nelson intended to cause great bodily injury during commission of the offenses; and (4) Nelson's release would pose an unreasonable risk of danger to public safety. The superior court invited Nelson to file a responsive pleading. On August 29, 2014, the court denied the petition on the ground that because one of Nelson's current convictions was for kidnapping, a violent felony, he was statutorily ineligible for resentencing. (§ 1170.126, subd. (e)(2)). It vacated the OSC as improvidently granted. Nelson filed a timely notice of appeal on September 24, 2014.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief which raised no issues, and requested this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. On December 22, 2014, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. No response has been received to date.

The superior court's ruling was correct. Nelson is not eligible for resentencing on count 4 because kidnapping is both a serious and a violent felony (§§ 667.5, subd. (c)(14), 1192.7, subd. (c)(20)). Nelson is ineligible for resentencing on counts 5 and 8 because he was armed with a firearm during both offenses. (See §§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); *People v. Guilford* (2014) 228 Cal.App.4th 651, 661, 657-661; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331; *People v. White* (2014) 223 Cal.App.4th 512, 527.)

We have examined the entire record and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

3

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:



EDMON, P. J.



KITCHING, J.