Filed 4/30/15  P. v. Montgomery CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C076227 |
| Plaintiff and Respondent, | (Super. Ct. No. SC RD CRF 980001001) |
| v. | |
| ALBERT FRANK MONTGOMERY, | |
| Defendant and Appellant. | |

Defendant Albert Frank Montgomery appeals from the trial court's denial of his petition for resentencing under the Three Strikes Reform Act of 2012 (the Act) based on the court's finding that resentencing would pose an unreasonable risk of danger to public safety.[1]  He contends that the trial court's finding is an abuse of discretion and denial of

---

[1]     Penal Code section 1170.126.  Undesignated statutory references are to the Penal Code.

due process because it relies on facts not found in the record and ignores other relevant information. We affirm.

BACKGROUND

On the night of January 29, 1998, defendant sped past a highway patrol officer and led police on a high speed chase before being apprehended. When apprehended, he was found to be in possession of methamphetamine and a hypodermic needle and without a driver's license.

A jury convicted defendant of willful evasion of a police officer (Veh. Code, § 2800.2), possession of methamphetamine (Health & Saf. Code, § 11377), unlawful possession of a hypodermic needle (Bus. & Prof. Code, former § 4140), driving without a license (Veh. Code, § 12500), reckless driving (Veh. Code, § 23103), and sustained two strike allegations. Defendant admitted three prior prison term allegations and the trial court sentenced him to 30 years to life. Defendant appealed his conviction, which this court affirmed in March 2000.

Defendant filed a petition for resentencing pursuant to section 1170.126 on February 4, 2014. The People filed an opposition later that month. Attached to the opposition was a copy of the probation report for defendant's most recent conviction. The probation report recited defendant's criminal record, which included three convictions for resisting or delaying a peace officer (§ 148), two convictions for vandalism (§ 594), two convictions for disturbing the peace (§ 415), single convictions for felony assault (§ 245), accessory to a felony (murder) (§ 32), driving under the influence (Veh. Code, former § 23102, subd. (a)), assault with intent to commit murder with use of a deadly weapon, possession of a controlled substance by a prisoner (§ 4573.6), battery (§ 242), and voluntary manslaughter (§ 192, subd. (a)).

The felony assault and accessory convictions happened in 1978. The probation officer could not find the file for the case, but noted that defendant was initially charged with murder (§ 187) in that case and pleaded to the assault and accessory charges in

2

exchange for dismissal of the murder count. The assault with the intent to commit murder conviction was in 1981. The probation officer could not locate the file for the case as it had been destroyed. According to defendant, this offense involved him drinking and fighting with the victim, who got stabbed in the chest and arms. In the 1987 conviction for voluntary manslaughter, defendant got into a fight with someone who called him a rat. The victim died of multiple stab wounds, including three to the chest.

The probation officer's summary and analysis noted that the current offenses were not particularly aggravated; the car chase lasted for less than a mile and when traffic was not particularly heavy, and defendant was caught with a small amount of methamphetamine intended for personal use. Of greater concern to the probation officer was defendant's criminal record. Defendant received the maximum possible sentence for the assault with intent to commit murder and for the 1987 voluntary manslaughter conviction. The probation officer recommended a sentence of 28 years eight months.

Defendant subsequently submitted additional documents, letters of support from people in the corrections system, and certificates of graduation for an anger management program. The People filed a response which documented and detailed defendant's violations of prison rules -- for mutual combat in 1999, 2004, and 2007, for battery on an inmate in 2005, for possession of a cell phone in 2009, and for fighting resulting in the use of force in 2011. Defendant then filed additional documents showing his participation in and graduation from various classes while in prison.

Defendant testified at the hearing on his petition. He entered prison for his current offenses in 1999 as a Level 4 prisoner, the highest security classification. He was lowered to Level 3 in 2000 or 2001 and to Level 2 in 2006. If resentenced and released from prison, he would go to his property in Hat Creek, where he would live with his aunt and siblings. He is an enrolled member of the Pit River Tribe and could work for them there.

The trial court denied the petition, finding defendant posed an unreasonable risk of danger to public safety. The trial court began its analysis by reciting defendant's criminal record. It found he sustained a 1978 conviction for felony assault and accessory to murder, which it characterized as involving a "vicious beating and then stuffing the person down a mine shaft." The court found defendant got two felony convictions in 1981, for robbery and for assault with a deadly weapon, which involved "a stabbing." Defendant was convicted of possession of drugs while in prison, three parole violations, and the 1986 conviction for "involuntary manslaughter." The court also noted defendant's current convictions for felony "evading an officer with willful and reckless disregard for public safety" and possession of a controlled substance. The court then noted that defendant's "pattern of violent behavior" continued while in prison, with his last incident occurring in 2011. Based on these facts, the trial court found that defendant posed an unreasonable risk of danger to public safety and therefore denied the petition for resentencing.

## DISCUSSION

Defendant contends it was an abuse of discretion and denial of due process for the trial court to deny his petition because the trial court's finding was based on facts not supported by the record and because it ignored facts in his favor. We disagree.

A defendant serving a three strikes sentence for a crime that is neither a serious or violent felony may petition for recall of sentence in the court where he or she was originally sentenced. (§ 1170.126, subd. (b).) If factors related to the crime or defendant's criminal history do not render defendant ineligible for resentencing (see § 1170.126, subd. (e)), then "the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

4

"In exercising its discretion in subdivision (f), the court may consider:  [¶]  (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;  [¶]  (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and  [¶]  (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (g).)

Defendant claims the trial court's conclusions regarding the nature of his prior crimes are not supported by the record.  Specifically, he notes that the court's description of the assault and accessory to murder convictions is not found in the record, as the probation report noted that the files for this case had been destroyed.  He also notes the probation report found the record of his 1981 conviction for assault with intent to commit murder was also destroyed, thus preventing the trial court from making any findings regarding that conviction.  He additionally claims the trial court should have considered the remoteness of the offenses, as well as the type of crimes of which he was convicted rather than merely the facts behind those offenses.  Although defendant was convicted of two separate felonies involving a person's death, he stresses that he was not convicted of murder but instead convicted of the much less culpable voluntary manslaughter and accessory after the fact.  Defendant also argues that the trial court erred in ignoring the fact that his security level had decreased from Level 4 to Level 2 while he was in prison and the programs he had completed during his incarceration.  Taken together, defendant finds these errors constitute an abuse of discretion.

Since section 1170.126, subdivision (g) vests the trial court with discretion to deny the petition by finding that resentencing would pose an unreasonable risk

5

of danger to public safety,[2] we review the trial court's decision for an abuse of discretion. Under this standard, it is not enough for a defendant to show that reasonable people might disagree about the court's sentencing decision but rather, the defendant must show, for example, the court was unaware of its discretion or acted arbitrarily. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-378 [making these observations in terms of a trial court's exercise of discretion in determining whether to strike a defendant's strike].) "[T]he term judicial discretion 'implies absence of arbitrary determination, capricious disposition or whimsical thinking.' [Citation.]" (*People v. Giminez* (1975) 14 Cal.3d 68, 72.) A decision not supported by the record is also an abuse of discretion. (*In re Robert L.* (1993) 21 Cal.App.4th 1057, 1066.)

The trial court's characterization of defendant's prior crimes includes at least one error.[3] While the court said defendant was convicted of both assault and robbery in 1981, the probation report shows only the assault conviction, and nowhere in the record is there any mention of defendant ever having sustained a prior robbery conviction. The trial court's error likely stems from the People's opposition to defendant's petition, which describes the incident leading to the 1981 conviction as defendant putting a knife at a

---

[2] Section 1170.126, subdivision (g) states in pertinent part:
"(g) In exercising its discretion in subdivision (f), the court may consider:
"(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;
"(2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and
"(3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."

[3] A second overt error by the trial court, mischaracterizing defendant's prior conviction for manslaughter as an involuntary manslaughter conviction favors defendant and therefore cannot prejudice him.

6

driver's throat and demanding the car from the victim. The victim tried to run away, but defendant forced him back into the car and stabbed him in the stomach and chest. Defendant then tried, but failed to start the car. Although the People's description of the incident describes facts that could support an attempted robbery conviction, defendant was not convicted of robbery or attempted robbery as a result of the incident.

The trial court's characterization of the 1981 conviction as involving a stabbing is supported by the record as defendant told the probation officer he stabbed the victim in the chest and arms in that case. The court's description of the facts of the 1978 convictions, a "vicious beating and then stuffing the person down a mine shaft," are not found in the record of conviction but again are present in the People's opposition to defendant's petition, which relates an "execution style murder" in which the victim was beaten, shot in the head, and "dumped [] down a water filled mining shaft." The People's description of this incident and defendant's other past offenses in their opposition is at best a hearsay statement taken from some other, unnamed source. While reliable hearsay evidence can be admissible in section 1170.126 proceedings (*People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661 [statements in prior Court of Appeal opinion admissible]), we need not determine whether the court could consider as evidence the description of the prior offenses as stated in the opposition memorandum. Defendant did not object to the trial court's use of these hearsay statements, which forfeits any contention regarding their use. (Evid. Code, § 353, subd. (a); see *People v. Holford* (2012) 203 Cal.App.4th 155, 168-169.)

Notwithstanding the error or possible errors regarding the details of defendant's criminal record, the trial court's description of defendant's "pattern of violent behavior" is supported by his lengthy criminal record, and his prison record shows a similar pattern with numerous infractions for fighting or assaultive behavior. Any errors in the court's rendition of defendant's criminal record are therefore harmless under any standard.

Nor was the trial court required to state the evidence favorable to defendant when rendering its decision. Under section 1170.126, the trial court *may* consider defendant's criminal history, record while incarcerated, or any other relevant factor, but it is not mandated to consider any of them. The trial court did not state that it ignored the other factors; it merely found defendant's pattern of violent behavior so compelling that resentencing was not warranted. That finding was supported by the record and we therefore conclude that the denial of defendant's petition was not an abuse of discretion.

## DISPOSITION

The trial court's order is affirmed.


     NICHOLSON     , J.


We concur:


     BLEASE     , Acting P. J.


     BUTZ     , J.