Filed 6/15/15  P. v. Nunez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS NUNEZ,<br><br>    Defendant and Appellant. | C073733<br><br>(Super. Ct. No. 98F06656) |

        In 1999 a jury found defendant guilty of possessing a short-barreled shotgun and carrying a loaded firearm while an active participant in a street gang.  (Pen. Code, §§ 12020, subd. (a), 12031, subd. (a)(2)(C).)[1]  The court sentenced defendant to 25 years to life in state prison.  In a previous, unpublished opinion we affirmed the judgment. (*People v. Nunez* (May 8, 2001, C033824) (*Nunez*).)  Defendant filed a petition for recall

---

[1]  All further statutory references are to the Penal Code unless otherwise designated.

of sentence and resentencing under section 1170.126.  Following denial of the petition, defendant filed this appeal.  We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Officer Katherine Lester was on patrol in North Sacramento in a marked police car quite early one morning in July 1998.  As she entered the intersection of Beaumont and Bowles Streets, a Thunderbird failed to yield and nearly hit her.  Lester moved backward to pull next to the Thunderbird and warn the driver to slow down.  Defendant, who was seated behind the driver, leaned out of the window and aimed a sawed-off shotgun at the officer.

As Lester ducked, she heard a shotgun blast and squealing tires.  Lester looked up to see the Thunderbird speeding away.  As the car passed a house on Beaumont Street, Lester saw a shotgun fly out the window of the car and land in the street.

Officer Lester gave chase in the patrol car.  A few blocks later, the occupants abandoned the car and fled on foot.  Lester found defendant hiding in the bushes and arrested him.

John Cossey was playing cards with a friend in his house near the corner of Bowles and Beaumont when he heard the shotgun blast.  Cossey went outside and saw a patrol car following another car down the street.  He also saw a neighbor walk across the street toward a sawed-off shotgun lying on the pavement.  He estimated the length of the gun at 18 to 20 inches.  When people started to gather, Cossey left to call the police.  The gun had disappeared by the time he returned.

A sawed-off shotgun was later recovered and introduced at trial as People's exhibit No. 55.  The barrel was approximately 14 inches long, and the overall length was 26-1/4 inches.  Cossey testified it was not the gun he had seen in the street that night,

---

[2] Most of the facts are taken from *Nunez, supra*, C033824.

although he acknowledged it was similar in size. Officer Lester also testified the shotgun introduced at trial was similar in size to the one she had seen in the street.

Defendant testified in his own behalf. He stated he was seated in the right rear passenger seat of the Thunderbird when it nearly collided with the police vehicle. Defendant did not know there was a gun in the car until he saw the driver toss it out the window, where it discharged on impact.

A jury found defendant guilty of possessing a short-barreled shotgun, count three, and carrying a loaded firearm while an active participant in a criminal street gang, count four. The jury deadlocked on charges of attempted murder and assault with a firearm. (§§ 664/187, subd. (a), 245, subd. (d)(1).) Because defendant had suffered two prior convictions of assault with a firearm, the trial court sentenced him to 25 years to life under the "three strikes" law but stayed the sentence for carrying a loaded firearm.

Defendant filed a petition for recall of sentence and resentencing pursuant to section 1170.126, the Three Strikes Reform Act of 2012 (Act). (§§ 667, 1170.12, 1170.126; Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012).) The trial court found defendant ineligible for resentencing because he used and/or was armed with a firearm during the commission of the offense within the meaning of section 1170.126. The petition was denied on April 23, 2013. Defendant filed a timely notice of appeal.

**DISCUSSION**

**I.**

Defendant contends the trial court's denial of his petition for resentencing is an appealable order. He is correct. The California Supreme Court in *Teal v. Superior Court* (2014) 60 Cal.4th 595 held that the trial court's denial of a petition for recall under section 1170.126 is an appealable order.

**II.**

Within certain parameters, section 1170.126 permits three strikes inmates serving life terms for felonies that are neither serious nor violent to petition for resentencing.

3

(§ 1170.126, subds. (b), (e)(1).) Certain factors render an inmate ineligible for resentencing. The factor at issue in the present appeal is set forth in section 1170.126, subdivision (e)(2), which renders an offender ineligible for recall of sentence if "[d]uring the commission of the current offense, the defendant used a firearm, [or] was armed with a firearm or deadly weapon . . . ." (§ 667, subd. (e)(2)(C)(iii).)

Referring to facts set forth in our opinion in *Nunez, supra,* C033824, the trial court found the "trial evidence as summarized by the Third District . . . makes it clear under either the beyond a reasonable doubt standard or the preponderance of evidence standard that [defendant was armed] with a 'firearm,' in committing both offenses of which he was convicted in this case." The trial court pointed out that the jury found beyond a reasonable doubt that defendant possessed a short-barreled shotgun and carried a loaded firearm while an active participant in a street gang.

Defendant argues he was convicted of possession offenses—possession of a short-barreled shotgun and carrying a loaded firearm—and neither conviction required a finding or compelled the conclusion that defendant was armed or used the firearm during the commission of the offenses, nor could such a finding be premised on an arming or firearm use enhancement, as neither was pleaded or proven. Defendant also notes "nothing in the record of conviction indicates" he is not eligible for relief under section 1170.126.

The trial court disagreed with defendant's argument, and so do we. As the trial court stated, "To make an 'extra fact' determination regarding a prior conviction in order to find that it constitutes a 'serious felony' for enhancement purposes, a trial court may examine the record of conviction, including a summary of evidence recited in any appellate opinion rendered in the matter (see People v. Woodell (1998) 17 Cal.4th 448). The same principles should apply in the Penal Code § 1170.126 resentencing context."

In *People v. Guilford* (2014) 228 Cal.App.4th 651 (*Guilford*), the defendant argued the trial court's reliance on facts " 'beyond the record of conviction' " was error

4

and contended the trial court should not have looked at our appellate opinion to determine whether the facts showed he was ineligible under section 1170.126 because he intended to inflict great bodily injury. Instead, the defendant claimed that if the face of the judgment did not reflect a disqualifying factor, the time to consider the underlying facts would be at the next step contemplated by the statute, the hearing to determine whether the defendant was dangerous. (*Guilford*, at p. 659.)

We disagreed, reasoning: "Under the three strikes law generally, a trial court may look to the whole record of a prior conviction to determine whether the facts meet the definition of a strike, *including looking to a prior appellate decision*. [Citations.] We see no reason why Proposition 36 would change this rule. [Citation.] [Fn. omitted.]

"If the prior opinion does not sufficiently establish the facts, 'the defendant, who suffered the conviction and took the appeal, would know of and be able to challenge any material flaws or omissions in the opinion.' [Citation.] Although defendant has indicated he wants to air those facts at a hearing on future dangerousness, and claims he was denied a hearing to contest the trial court's interpretation of the facts, he makes no claim that our prior opinion *misstated* them. In such circumstances, we see no reason why the trial court's use of our prior opinion to determine the facts was improper." (*Guilford*, *supra*, 228 Cal.App.4th at p. 660.) We also noted that if the defendant believed the facts in our prior opinion inaccurate, he had the remedy of petitioning for rehearing to point out any deficiencies. Since the defendant did not file a petition for rehearing, we presumed the facts previously stated reliably summarized the evidence against the defendant. (*Id*. at pp. 660-661.) Accordingly, we reject defendant's contention here that the trial court's reliance on our appellate opinion in making an "extra fact" determination constitutes error.

Our prior opinion in the present case supports the trial court's finding that defendant was armed during the commission of the offense within the meaning of section 1170.126. Our opinion stated: "[Officer] Lester started to move backward so she

could pull up next to the Thunderbird and warn the driver to slow down. At that point, defendant, who was seated behind the driver, leaned out the car window, and aimed a sawed-off shotgun at Officer Lester. She ducked, and immediately heard a shotgun blast and squealing tires. Officer Lester looked up to see the Thunderbird speeding away. . . ." (*Nunez, supra*, C033824.) We review the factual basis of the trial court's finding under the sufficiency of the evidence standard of review. (*Guilford, supra*, 228 Cal.App.4th at p. 661.) That standard is met in the present case.

### III.

Finally, defendant contends he is entitled to a jury trial under the Sixth and Fourteenth Amendments to the United States Constitution as to whether he is eligible for resentencing under section 1170.126. We rejected a similar contention in *Guilford*.

In *Guilford* we concluded: "This contention already has been resolved against defendant. '[T]he United States Supreme Court has already concluded that its opinions regarding a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do not apply to limits on downward sentence modifications due to intervening laws.' [Citations.]

"Contrary to defendant's view, nothing in *Alleyne v. United States* (2013) 570 U.S. ___ [186 L.Ed.2d 314, 133 S.Ct. 2151] assists him. As described by our Supreme Court, in *Alleyne*, 'the United States Supreme Court held that the federal Constitution's Sixth Amendment entitles a defendant to a jury trial, with a beyond-a-reasonable-doubt standard of proof, as to "any fact that increases the mandatory minimum" sentence for a crime.' [Citation.] The denial of a recall petition does not increase the mandatory minimum sentence for a defendant's crime." (*Guilford, supra*, 228 Cal.App.4th at pp. 662-663, fn. omitted.)

### DISPOSITION

The judgment is affirmed.

                                    _____RAYE_____, P. J.


We concur:


_____BLEASE_____, J.


_____DUARTE_____, J.

7