Filed 9/4/15  P. v. Hubbard CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>THOMAS LEO HUBBARD,<br><br>     Defendant and Appellant. | B262376<br><br>(Los Angeles County<br>Super. Ct. No. BA247193) |

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Thomas Leo Hubbard (defendant) was convicted in 2003 of one count of assault with a deadly weapon or by means of force likely to produce great bodily injury, in violation of former Penal Code[1] section 245, subdivision (a)(1). Defendant waived his right to a trial on prior conviction allegations and admitted that he had suffered two prior serious felony convictions within the meaning of sections 667, subdivisions (b) through (i), and 1170.12 (the Three Strikes Law). Defendant also admitted that the convictions were for serious felonies within the meaning of section 667, subdivision (a). The trial court sentenced defendant to a term of 25 years to life in state prison. Defendant appealed from the judgment of conviction. The judgment was affirmed by this court in case number B171107.[2]

The Three Strikes Reform Act of 2012 added section 1170.126 to the Penal Code and amended other provisions. That section permits a person serving an indeterminate life sentence under the Three Strikes Law for conviction of a felony or felonies that are not defined as serious and/or violent under section 667.5, subdivision (c), or section 1192.7, subdivision (c) to file a petition for recall of sentence. (§ 1170.126 (Prop. 36, as approved by voters, Nov. 6, 2012, eff. Nov. 7, 2012).) In February 2013, defendant filed a petition for resentencing pursuant to section 1170.126. The People opposed the petition, arguing (1) defendant was unsuitable for resentencing because he posed a danger to public safety within the meaning of section 1170.126, subdivisions (f) and (g), and (2) defendant was ineligible for resentencing because he had intended to inflict great bodily injury in the commission of the underlying offense within the meaning of section 1170.126, subdivision (e)(2). Following a hearing, the trial court denied defendant's petition, finding that he was ineligible for resentencing because the record showed that he intended to inflict great bodily injury in the commission of the underlying offense.

---

[1]     All undesignated references are to the Penal Code.

[2]     The California Supreme Court denied defendant's petition for review. In 2008, the United States District Court for the Central District of California denied his federal petition for writ of habeas corpus in case number CV-07-6331-RGK(VBK).

Defendant filed a timely notice of appeal from the trial court's order, and we appointed counsel to represent him on appeal. Defendant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, which asked this court to independently review the record on appeal and determine whether any arguable issues exist. We advised appellant he had 30 days to file his own submission with any contentions or issues that he wished us to consider.

Defendant timely filed a supplemental brief in which he contends that the trial court erred in finding that he intended to inflict great bodily injury on the victim. Defendant also raises a number of issues related to trial of this matter, primarily involving the use of his prior felony convictions as strike convictions. These issues were not raised in defendant's appeal underlying his conviction and may not be raised in this appeal. Finding no error, we affirm the trial court's order.

BACKGROUND[3]

Defendant and the victim, Elyse Jennings (Jennings), lived together from November 2001 to March or April of 2002. Thereafter, they dated occasionally.

On April 24, 2003, Jennings went to a McDonald's restaurant. Defendant entered the restaurant, approached Jennings, and asked to speak with her. Jennings had not seen him for a couple of months. She declined his request because he appeared drunk. Jennings asked a restaurant employee to call 911. Defendant left.

Jennings finished eating, went outside and saw defendant approaching. After some discussion, she agreed to get into defendant's car. Defendant told Jennings he was taking her to his grandfather's house so they could talk.

As defendant drove, he and Jennings argued. Jennings repeatedly asked to be let out of the car, and she did not completely close the passenger door. Defendant "elbowed" her and asked her to close the door. She refused and asked to be let out of the

---

[3]     The facts of the underlying offense are taken from the Reporter's Transcript of defendant's trial on the underlying offense, submitted by the defendant as an exhibit for the eligibility hearing in this matter. The trial court received this exhibit into evidence.

3

car. Defendant reached over, pulled the door shut and said, "I'm going to take you to my grandfather's and kick your butt."

Jennings moved to the back seat for safety. There, she found a gasoline can and began "wailing on" defendant, hitting him in the back of the head. Jennings did this because she wanted to be let out of the car.

Defendant turned and parked the car. Jennings got out of the car, but continued to hit defendant with the can. Defendant hit Jennings in the eye, knocking her to the ground. Defendant then kicked Jennings once or twice while she was on the ground.

Symone Carter had been following defendant's car because Carter believed that she saw defendant hit Jennings. When she saw defendant and Jennings get of the car, she called 911. Two passengers in her car got out and approached defendant. One threw a bottle at him. Defendant left.

Jennings sustained cuts near her eye and she was unable to open the eye for two days. The eye remained swollen for about a week.

DISCUSSION

1. *Sufficiency of the evidence*

Defendant contends there is insufficient evidence to support the trial court's finding that he intended to inflict great bodily injury on Jennings, and therefore insufficient evidence to support the denial of his petition for resentencing.

A third strike defendant is not eligible for resentencing if he committed the underlying offense "with the intent to cause great bodily injury" to another person within the meaning of sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii). (§ 1170.126, subd. (e)(2).)

If the underlying conviction does not involve a sustained allegation that the defendant has actually inflicted great bodily injury, the trial court determines from the entire record of the conviction whether the defendant intended to inflict great bodily injury. (*People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661.) We review the trial court's finding of intent under the deferential sufficiency of the evidence standard. (*Id.* at

4

p. 661.) "Under this standard, the court 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence— that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'" (*People v. Cuevas* (1995) 12 Cal.4th 252, 260-261.)

Here, the trial court found that "the evidence shows that [defendant] did intend to cause Jennings great bodily harm. He refused to let her get out of his car, threatened to 'kick her butt,' dragged her from the car, hit her in the eye and kicked her while she was on the ground." The testimony of Jennings and Carter supports the trial court's factual findings. These acts and statements by defendant are sufficient to support a reasonable inference that defendant intended to inflict great bodily harm on Jennings. (See *People v. Aguilar* (1997) 16 Cal.4th 1023, 1028 [well established that use of hands or fists alone may be force likely to produce great bodily injury].)

In his supplemental brief, defendant points to what he perceives as certain inconsistencies in the evidence from the prior trial. For example, defendant argues that Jennings was not credible because first she "said she was in the parking lot when she first saw me, then she said that she was in the restaurant eating." Defendant also contends more generally that at one point Jennings and Carter were "removed from the stand for their conflicting statements."

Even if defendant's characterizations of the evidence were accurate, it would not warrant reversal of the trial court's decision. It was for the trial court, acting as the trier of fact, to decide whether to believe Jennings's testimony, and what portions of it to believe. "Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.]" (*People v. Maury* (2003) 30 Cal.4th 342, 403.)

Defendant also claims the trial court contradicted itself in finding that defendant "refuse[d] to let [Jennings] out of the car and drag her from the car at the same time." The trial court's findings are set forth above and are not self-contradictory.

Defendant further contends that great bodily injury requires "non-trivial" injuries, and Jennings's injuries were trivial. A sentence enhancement for great bodily injury does require that the victim have suffered actual non-trivial injuries. Denial of a petition for resentencing is based on the defendant's *intent* to inflict injury. A defendant can intend to inflict great bodily injury but not succeed in actually inflicting it.

2. *Other claims*

Defendant points to alleged irregularities in the use of his prior convictions during his trial on the underlying offenses. The trial court did not rely on any of defendant's prior convictions to support its finding of intent to cause great bodily injury. Thus, defendant's claim is not cognizable on this appeal from the trial court's order denying defendant's petition for resentencing.

Defendant also complains that the judge in his original trial asked the jury why it could not convict defendant after being sent back three times for further deliberations. Defendant's claim is not cognizable on this appeal, which only challenges the trial court's order denying defendant's petition for resentencing.

Defendant further contends the judge at sentencing did not think he was a danger to public safety, and nothing has changed since then to make him one. Although the People originally contended that defendant should not be resentenced because he was a danger to public safety, the trial court did not deny defendant's petition on that basis. Thus, the sentencing judge's opinion of defendant's lack of dangerousness does not impact our review of the court's decision to deny defendant's petition for resentencing on the ground that defendant intended to inflict great bodily injury.

3. *Wende review*

In addition to reviewing defendant's claims, we have examined the entire record concerning defendant's petition for resentencing.  We are satisfied defendant's attorney has fully complied with her responsibilities and no arguable issues exist.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)


Disposition

The trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS




BAKER, J.

We concur:



TURNER, P.J.



MOSK, J.

7