Filed 9/21/15  P. v. Moore CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C077156 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F15) |
| v. | |
| STEPHEN ARNOLD MOORE, | |
| Defendant and Appellant. | |

Defendant Stephen Arnold Moore appeals from the trial court's denial of his petition for recall of sentence under Penal Code section 1170.126[1] based on the court's finding that resentencing would pose an unreasonable risk of danger to public safety.  He contends that the trial court's finding is an abuse of discretion and denial of due process

---

[1]     Undesignated statutory references are to the Penal Code.

1

because it relies on facts not found in the record and ignores other relevant information. We affirm.

BACKGROUND

We take the facts of defendant's current crime from this court's opinion affirming his conviction and sentence. (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661 [prior appellate opinion admissible to prove ineligibility in section 1170.126 proceeding].)

"After consuming four beers and two drinks containing vodka, and without a valid driver's license, defendant agreed to drive his girlfriend's son to a friend's house off of Lake Boulevard in Redding. As they reached the downtown area, defendant accelerated the vehicle to a high rate of speed, ignoring his passenger's requests to slow down. Defendant ran a red light at the intersection of Pine Street and Shasta Street and smashed into a vehicle that was legally entering the intersection. The driver of the impacted vehicle was David Doty. Doty suffered two broken fingers on his left hand, numerous deep-tissue bruises on the left side of his body, and a bone spur was broken loose from his spinal column near his neck. Doty's sons, Daniel and Joel, were passengers during the collision. Daniel suffered numerous facial fractures and severe bruising to the left side of his body and face. Joel was not seriously injured.

"Following the accident, defendant left the vehicle and ran northbound on Pine Street. Defendant's passenger, Randall Long, remained at the scene of the accident until police arrived. Long told officers of the Redding Police Department the accident occurred because defendant ran a red light, he had been drinking, and he took off on foot immediately following the accident. While officers were at the scene, defendant's girlfriend called police dispatch to report the vehicle stolen. She said she last saw defendant chasing after the vehicle on foot as the unidentified car thief drove off. Roughly two hours later, police made contact with defendant, who also said the vehicle was stolen. Defendant denied involvement in the accident even after being informed

2

Long positively identified him as the driver. Defendant was arrested. A blood-alcohol test, administered roughly three and a half hours after the accident, established defendant's blood-alcohol level was .11 percent." (*People v.Moore* (Apr. 13, 2009, C059289) [nonpub. opn.] (*Moore*).)

Defendant pleaded no contest to hit-and-run causing injury (Veh. Code, § 20001, subd. (a)) and driving under the influence causing injury (Veh. Code, § 23153, subd. (a)), and admitted two prior prison terms (§ 667.5, subd. (b)) and two prior strike convictions (§ 1170.12), as well as convictions for involuntary manslaughter (§ 192) in 1991 and assault with a deadly weapon (§ 245, subd. (a)), also in 1991. He was sentenced to 27 years to life. We affirmed his conviction on appeal. (*Moore, supra,* C059289.)

Defendant filed a section 1170.126 petition for recall of sentence in April 2014. Among the materials included with the petition was the probation report for his prior involuntary manslaughter conviction, which contained summarized statements of witnesses to the incident. The petition also contained a 2007 report from the Department of Corrections and Rehabilitation on inmate incidents, and a declaration from Keith Chandler, a former inmate in the California prison system, regarding how fights are dealt with by the prison disciplinary system and how prisoners serving life terms are treated. The petition concluded with prison incident reports concerning defendant, testimonial letters, and certificates of completion for various prison programs.

The prosecution submitted a reply conceding that defendant was eligible for resentencing, but arguing that resentencing him posed an unreasonable risk of danger to public safety, based on his criminal history and the current offense. In a supplemental brief, the prosecution presented evidence of defendant being written up for fighting in prison in April 2012, February 2011, and November 2009.

Defendant's criminal record, contained in the probation report for his current offenses, consists of: a 1989 conviction for petty theft (Pen. Code, § 488); a 1991 conviction for assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)); a 1991

conviction for involuntary manslaughter (§ 192), which resulted in a four-year prison term; a 1995 conviction for driving on a suspended license (Veh. Code, § 14601.1, subd. (a)); probation violations in 1995, 1996, and 1997; convictions in 1997 for driving on a suspended license (Veh. Code, § 14601.1, subd. (a)) and resisting an officer (§ 148, subd. (a); a 1999 conviction for felony battery on a peace officer (Pen. Code, § 243, subd. (c)(2)), which resulted in a three-year prison term; a 1999 conviction for driving under the influence (Veh. Code, § 23152, subd. (a)); a 2002 conviction for battery on a spouse or cohabitant (Pen. Code, § 243, subd. (e)(1)); and probation or parole violations in 2002, 2003, and 2004.

At the contested hearing on defendant's petition, defense counsel asserted the incident reports for fighting were for mutual combat and that the incidents were not serious enough to be considered crimes. The trial court asked whether counsel wanted the court to give defendant credit "for engaging in a fight in prison because he didn't use a deadly weapon" or because it was not "criminalized because it was disciplined in house . . . ?" Defense counsel replied that defendant was not looking for credit regarding the fights, but sought only to show that they should not be used against him. Counsel pointed out that defendant was transferred from level four to a level three classification for good conduct, and argued that prisoners in the maximum level-four classification, where all prisoners serving life terms start out, and are in a more dangerous environment than other prisoners.

In ruling on the petition, the trial court observed defendant's criminal history, which started in his late teens, stating that defendant had "kind of a history of antisocial behavior" leading up to the manslaughter conviction, where defendant "brought a knife to a fist fight, and he used it." It also thought witnesses may have been influenced not to testify in the manslaughter case. The court noted that defendant continued to pick up parole violations after his prison term for the manslaughter conviction, and then went to prison for assaulting an officer. The court found defendant's current conviction

4

demonstrated violence and a danger to society as defendant fled from the scene on foot and his actions injured several people, including a young boy. Regarding defendant's behavior in prison, the court disagreed with defense counsel, starting: "There are plenty of people that make a decision in their lives if they're going to prison, that's it for crime and violence. They're going to take the high road and get through their prison time without beating up on people. In looking at these incident reports, that supposedly it's better that he has these, I don't think so."

Finding defendant was a danger to people in prison and given his criminal history, the trial court concluded resentencing defendant posed an unreasonable risk of danger to public safety and denied the petition.

DISCUSSION

Defendant contends the denial of his petition for recall of sentence was an abuse of discretion. He asserts the trial court inaccurately portrayed the facts regarding his prison disciplinary actions, as there were no facts to support the court's assertion that most people do not fight in prison. He also argues that the trial court's statement that defendant's prior conviction for involuntary manslaughter involved him bringing a knife to a fistfight misconstrued his criminal record as there was evidence that one of the aggressors in the fight was armed, defendant claimed there was no evidence that he intimidated any of the witnesses in the involuntary manslaughter case. Finally, he claims the court's statements about his current offenses involving violence show an improper disagreement with the recent amendments to the three strikes law.

Section 1170.126 allows a person presently serving a three strikes sentence for a felony that is neither serious nor violent to petition for resentencing as a second strike offender. (§ 1170.126.) A prisoner is disqualified from resentencing if his current conviction or criminal record come within the four disqualifying factors listed in sections 667, subdivision (e)(2)(C) and 1170.12, subdivision (c)(2)(C). (§ 1170.126, subd. (e).) If the prisoner is not subject to one of the disqualifying factors, then the trial court shall

5

resentence him under the two strikes provision "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Since section 1170.126, subdivision (g) vests the trial court with discretion to deny the petition by finding that resentencing would pose an unreasonable risk of danger to public safety, we review the trial court's decision for abuse of discretion.[2] The decision to grant or deny a petition for recall of sentence is a sentencing decision, so we apply the abuse of discretion standard as formulated for other sentencing decisions of the trial court.

"In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

The trial court did not misconstrue defendant's criminal record or his prison record. While defendant places great emphasis on the statement from a former prisoner regarding the level of fighting in prison, the trial court did not have to give any credence to the declaration of a self-proclaimed expert on prison life who did not testify at the

---

[2] Section 1170.126, subdivision (g) states in pertinent part, "In exercising its discretion in subdivision (f) . . . ."

6

hearing.  Even if fighting in prison is more common than in society, the trial court could reasonably infer that only the more significant instances of fighting would warrant invoking the prison discipline system.  As an example, the November 2009 incident involved mutual combat between defendant and another inmate, but the fact that an officer had to strike defendant with a baton several times before he stopped fighting supports a reasonable inference that this was more than mere mutual combat.  The court's statement that "plenty of people" in prison decide not to fight is a common sense observation that does not need evidentiary support.

Nor was the trial court wrong regarding the facts surrounding defendant's involuntary manslaughter conviction.  The court's statement that defendant brought a knife to a fistfight is consistent with our characterization of the incident in our opinion affirming his current convictions:  "A fight broke out at a party between one of defendant's friends, Rick Rossler, and two men, Stanley Choate and Darren Pedigo.  Defendant came to Rossler's assistance and attempted to break up the fight.  When Choate and Pedigo started to push defendant, he pulled a fixed-blade survival knife from his back pocket and told the men to leave.  As defendant drew the knife, he accidentally stabbed his girlfriend, Dynita Thornton, in the arm while she also attempted to break up the fight.  Defendant exclaimed:  'Look, you made me stab my old lady.'  Defendant then stabbed Choate in the chest.  According to defendant, he intended to stab him in the leg, but Choate came at him too fast.  Defendant retreated to his apartment next door and called the police."  (*Moore, supra*, C059289.)  Defendant was the only person in the fight to use a deadly weapon, his knife, and his escalation of the fight resulting in him killing another person.

We also find the trial court did not mischaracterize defendant's current offenses when it found they demonstrated "violence and danger to society."  Defendant is unfair to the trial court when he asserts this statement shows the court thought the current offenses were or should have been violent felonies.  Rather, the court made another common sense

7

observation, that the acts of driving while intoxicated, striking another vehicle and causing injury to its inhabitants, and then fleeing the scene without seeing if the people he injured needed medical attention involves both violence and a danger to society. Contrary to defendant's contentions, this does not contradict the voters' intent when they limited the Three Strikes law.

Defendant has a record of nearly continuous criminal behavior when outside of prison. Much of that involves acts of violence, including the death of another person. His record in prison shows his violent behavior has not abated. The fact that he is now in a lower level of classification in prison does not warrant granting his petition. In light of defendant's record in and out of prison, the denial of defendant's petition was not an abuse of discretion.

DISPOSITION

The trial court's order is affirmed.

           NICHOLSON      , Acting P. J.

We concur:

      HULL             , J.

      RENNER        , J.