Filed 1/5/16  P. v. Perez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DAVID CASAS PEREZ,<br><br>        Defendant and Appellant. | C077127<br><br>(Super. Ct. No. 95F08311) |

Defendant David Casas Perez appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1170.126[1] (Three Strikes Reform Act of 2012 (§§ 667, 1170.12, 1170.126, as approved by voters, Gen. Elec. (Nov. 6, 2012)) because six of the eight offenses for which defendant was sentenced to serve 25-years-to-life terms under the three strikes law were serious felonies.  He contends he was eligible for resentencing as to the offenses that were not serious or violent felonies or otherwise disqualified from section 1170.126 resentencing.  Based on an opinion from our Supreme

---

[1]    Undesignated statutory references are to the Penal Code.

1

Court, we reverse the trial court's order as to those offenses and remand for further proceedings as to them.

BACKGROUND

The relevant facts are taken from the trial court's denial of defendant's petition and from our opinion affirming defendant's conviction. (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661 [prior appellate opinion admissible to prove ineligibility in section 1170.126 proceeding].)

In case No. 95F08311, a jury convicted defendant of 13 felony counts, consisting of: 5 counts of assault with a deadly weapon (§ 245, subd. (a)(2)), 3 counts of corporal injury to a child (§ 273d), 2 counts of felon in possession of a firearm (former § 12021, subd. (a); Stats. 1994, chs. 23, 146, 451; chs. 27, 29, 33, § 3.5 (First Extra. Sess.)), and single counts of firing a gun at an occupied vehicle (§ 246), firing a gun in a grossly negligent manner (§ 246.3), and corporal injury to a spouse or a cohabitant (§ 273.5, subd. (a).) (*People v. Perez* (Nov. 13, 1997, C024554) [nonpub. opn.].) The jury also sustained true findings on 5 personal use of a firearm allegations (§ 12022.5, subd. (a)), 1 use of a deadly weapon allegation (§ 12022, subd. (b)), 2 prior felony convictions (§ 667, subd. (a)), 1 felony conviction within the meaning of sections 273.55 and 273.56, 2 prior prison term allegations (§ 667.5, subd. (b)), and 2 prior strikes (§§ 667, subds. (b)-(i), 1170.12). The trial court imposed 8 consecutive 25-years-to-life terms plus an additional 31 years for the enhancements. (*People v. Perez, supra,* C024554.)

Defendant filed a section 1170.126 petition for resentencing in May 2014. The trial court found five convictions were for offenses that were serious felonies by virtue of a section 12022.5, subdivision (a), enhancement, one conviction was for a serious felony due to a section 12022, subdivision (b), enhancement, and one conviction was for a serious felony based on section 246. Based on these serious or violent felonies, the trial court found defendant ineligible for resentencing as to those offenses. Defendant also was convicted for offenses that were not serious or violent felonies or otherwise

2

ineligible for resentencing. The trial court found defendant was ineligible for resentencing on those offenses because he was ineligible for resentencing on the other serious or violent offenses. Since defendant was ineligible for resentencing, the trial court denied the petition.

DISCUSSION

Defendant contends he is eligible for resentencing for the offenses that are not serious or violent felonies or are otherwise disqualified under section 1170.126.

Following the passage of Proposition 36, a defendant, subject to exceptions not relevant here, is no longer subject to a three strikes sentence for a crime that is neither a serious nor a violent felony. (§§ 667, subd. (e)(2)(A), (e)(2)(C), 1170.12, subd. (c)(2)(A), (c)(2)(C); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170.) Section 1170.126 allows a person presently serving a three strikes sentence for a felony that is neither serious nor violent to petition for resentencing as a second strike offender. (§ 1170.126, subd. (a).)

In a case decided after the conclusion of briefing in this case, the California Supreme Court held that "an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 679.)

The trial court found defendant's convictions for corporal injury to a child, felon in possession of a firearm, negligent discharge of a firearm, and corporal injury to a spouse or cohabitant were not serious or violent but were nonetheless ineligible for resentencing because of defendant's other current convictions that were serious or violent. Applying *Johnson, supra,* 61 Cal.4th 674, we reverse the trial court's ruling as to those convictions. Since the trial court did not address any other eligibility issues or whether resentencing defendant would pose an unreasonable risk to public safety (§ 1170.126, subd. (f)), we remand for additional proceedings as to them.

3

## DISPOSITION

The trial court's orders finding defendant ineligible for resentencing as to his convictions for corporal injury to a child, felon in possession of a firearm, negligent discharge of a firearm, and corporal injury to a spouse or cohabitant are reversed and the matter is remanded for additional proceedings as to them. In all other respects, the trial court's orders are affirmed.


                                              /s/
                                    HOCH, J.



We concur:



        /s/
NICHOLSON, Acting P. J.



        /s/
MURRAY, J.


4