Filed 4/29/26  P. v. Guilford CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL WILLIAM GUILFORD,<br>    Defendant and Appellant. | C102776<br><br>(Super. Ct. No. 94F04208) |

Defendant Michael William Guilford appeals a judgment entered following resentencing pursuant to Penal Code section 1172.75.[1]  Defendant argues the trial court abused its discretion in:  (1) denying his *Romero*[2] motion, (2) failing to resentence him to a determinate term given the ameliorative changes of the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Reform Act) and *People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838, 849 (*Guevara*), and (3) reimposing the restitution fine invalidated by the passage of Assembly Bill No. 1186 (2023-2024 Reg. Sess.) (Stats. 2024, ch. 805, § 1).  We agree that the restitution fine should not have been reimposed.  Our review has also disclosed that the abstract of judgment reflects a parole revocation restitution fine that was not imposed.  We will

---

[1]    Undesignated section references are to the Penal Code.

[2]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

1

modify the judgment to vacate the restitution fine and direct that the trial court prepare an amended abstract of judgment removing the restitution fine and parole revocation restitution fine. The judgment is otherwise affirmed.

BACKGROUND

In 1994, a jury convicted defendant of inflicting corporal injury on a spouse (§ 273.5, subd (a)). The trial court found true allegations that defendant had suffered three prior strike convictions (§ 667, subds. (b)-(i)) and served two prior prison terms (former § 667.5, subd. (b)). The court sentenced defendant to 25 years to life plus two years and ordered him to pay a restitution fine of $5,000. Given developments in caselaw, another panel of this court remanded the matter to allow the trial court to consider striking defendant's prior strikes. (*People v. Guilford* (Oct. 30, 1996, C019691) [nonpub. opn.].) On remand, the trial court declined defendant's motion to strike the prior strikes and reimposed the same sentence. (*People v. Guilford* (Jan. 16, 1998, C026446) [nonpub. opn.].) Another panel of this court affirmed the judgment on appeal. (*Ibid*.)

"In 2012, voters enacted the Three Strikes Reform Act of 2012. (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) (Reform Act or Act).) The Reform Act limited indeterminate life sentences for nonserious, nonviolent third strike offenses. Under the Reform Act, a defendant convicted of a nonserious, nonviolent third strike instead receives a sentence of double the term of the current felony. (§ 1170.12, subd. (c)(1), (2)(C).)" (*Guevara, supra*, 18 Cal.5th at p. 849.) The Reform Act authorized individuals serving indeterminate terms for nonserious, nonviolent third strikes to petition for recall and resentencing. (*Ibid*.) Defendant petitioned for relief, but the trial court found him ineligible after finding he intended to cause great bodily injury during the commission of his offense. (*People v. Guilford* (2014) 228 Cal.App.4th 651, 654-655 (*Guilford*).) We upheld that determination on appeal. (*Id*. at pp. 654, 663.) Denial of

2

defendant's successive petition for relief under the Reform Act was also upheld on appeal. (*People v. Guilford* (Nov. 6, 2019, C088247) [nonpub. opn.].)

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590) amended section 667.5 "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.)

"In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, §§ 1, 3)," which implemented a recall and resentencing procedure for individuals serving prison sentences including a prior prison term enhancement. (*Guevara, supra*, 18 Cal.5th at p. 852.) Under that procedure, the Department of Corrections and Rehabilitation (CDCR) notifies the sentencing court that a defendant is serving a sentence with a section 667.5, subdivision (b) enhancement. (§ 1172.75, subd. (b).) The sentencing court then reviews the current judgment and verifies eligibility. (*Id*., subd. (c).) If eligible, the defendant is resentenced. (*Ibid*.)

In January 2024, CDCR identified defendant as eligible for resentencing under section 1172.75, the trial court appointed counsel, and briefing ensued. Defendant's presentencing brief asked the trial court to strike his prior prison term enhancements, as well as at least one of his prior strike convictions, arguing his rehabilitative efforts and age (70 years old) reduced his risk to the community. Defendant asked that the court resentence him to no more than six years (the midterm doubled because of a prior strike).

The People disagreed, arguing the trial court should strike the two invalid prior prison term enhancements and otherwise reimpose the same sentence relying on the previous denial of defendant's motion for relief under the Reform Act and recent assessments of his parole suitability that raised concerns regarding his sobriety and behavior in prison. The People further argued that the propriety of defendant's prior sentence in light of the Reform Act was upheld on appeal based on the trial court's

determination that defendant intended to inflict great bodily injury when he assaulted his wife.

At the December 2024 resentencing, defendant argued for leniency given the remoteness of the prior strike, the minor/nonviolent nature of his rule violations in prison, his advanced age and health conditions, and the fact that he had recently been granted parole. Because it was a full resentencing, defendant urged the court to consider defendant's sentence anew and strike the strike to avoid a 25 years-to-life sentence.[3] The People submitted the matter without further argument.

In its ruling, the trial court granted defendant's request to strike the prior prison term enhancements, but declined to strike the prior strike, finding that defendant did not fall outside the spirit of the Three Strikes law. Accordingly, the court reimposed defendant's 25 years-to-life sentence. The court further reimposed all previous fines, fees and restitution orders, although defendant asserted that he had already paid the $5,000 restitution fine. Finally, the trial court awarded updated custody credits. Defendant timely appealed.

DISCUSSION

Defendant contends the trial court erred in: (1) denying his *Romero* motion; (2) failing to resentence him to a determinate term under the Reform Act, and (3) reimposing the restitution fine invalidated by the passage of Assembly Bill No. 1186 (2023-2024 Reg. Sess.). We address the Reform Act first.

A. *The Applicability of the Reform Act under* Guevara

Defendant contends, and the People agree, that the matter should be remanded to allow the trial court to consider whether defendant is eligible for resentencing under the

---

[3] Defendant's argument neither acknowledged nor addressed the prior determination that he had intended to inflict great bodily injury in the commission of the instant offense for purposes of the Reform Act.

4

Reform Act in light of *Guevara*, *supra*, 18 Cal.5th 838. Given the factual circumstances of this case, we do not agree.

The Reform Act limited indeterminate life sentences for nonserious, nonviolent third strike offenses and provided a mechanism for individuals serving terms for such offenses to petition for recall and resentencing. (*Guevara, supra*, 18 Cal.5th at p. 849.) Thereafter, in 2021, the Legislature enacted section 1172.75, which invalidated certain sentencing enhancements and requires courts to recall sentences with those enhancements and resentence individuals by applying any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and promote uniformity of sentencing. (§ 1172.75, subds. (a), (c), & (d).)

The California Supreme Court in *Guevara* determined that the Reform Act can apply at a section 1172.75 resentencing if section 1170.126's substantive requirements are satisfied, including the following: (1) the defendant is eligible for resentencing under the Reform Act; and (2) the trial court does not determine that resentencing the defendant would pose an unreasonable risk of danger to public safety. (*Guevara, supra*, 18 Cal.5th at pp. 850-851, 878.) As relevant here, eligibility exclusions include individuals who intended to cause great bodily injury in their current offense. (§§ 1170.12, subd. (c)(2)(C)(iii), 1170.126, subds. (e), (f); *Guevara,* at p. 851; *Guilford, supra*, 228 Cal.App.4th at pp. 656-657.) Under the Reform Act, eligibility for relief is a prerequisite for consideration of the public safety inquiry. (§ 1170.126, subd. (f); *Guilford,* at p. 654.)

Although the parties argue the matter should be remanded to allow the trial court to consider whether defendant presents a risk to public safety, as that term is defined by section 1170.126, subdivision (f) of the Reform Act, they fail to consider that satisfaction of eligibility requirements as described in section 1170.126, subdivision (e) must precede the public safety determination in subdivision (f). (See § 1170.126, subd. (f) ["If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced ...

unless the court … determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety"]; *Guilford, supra*, 228 Cal.App.4th at p. 654 [recognizing the two-step procedure].)

We recognize that a defendant is entitled to the exercise of informed discretion (*Guevara*, *supra*, 18 Cal.5th at 878, fn. 16) and that the trial court did not have the benefit of *Guevara*, because its ruling predated that decision. However, the trial court already determined that defendant was ineligible for relief under the Reform Act because he intended to inflict great bodily injury in the commission of his current offense (§§ 1170.126, subd. (e)(2); 1170.12 subd. (c)(2)(C)(iii)). (*Guilford, supra*, 228 Cal.App.4th at pp. 654-655.) We upheld this determination in 2014. (*Id*. at pp. 654, 663.) Then, in 2019, we upheld the denial of defendant's successive petition for resentencing that argued changes brought about by *People v. Frierson* (2017) 4 Cal.5th 225 required reconsideration of the issue. (*People v. Guilford*, *supra*, C088247.) But the original trial court order had determined that defendant intended to inflict great bodily injury beyond a reasonable doubt. (*Ibid*.) Defendant is bound by this static determination, which is long final and law of this case.[4] Thus, the trial court's prior determination precludes defendant from making a showing that would allow the trial court to engage in the public safety assessment contemplated by the parties. Accordingly, we conclude that remand to allow the trial court to consider section 1170.126 subdivision, (f) in light of *Guevara* would be futile and needlessly consume judicial resources.

---

[4] The trial court's earlier determination concerns facts surrounding the offense that do not change, which distinguishes this preliminary eligibility determination from the public safety determination that *Guevara* recognized could be revisited with new evidence in the section 1172.75 hearing. (*Guevara, supra*, 18 Cal.5th at p. 878, fn. 17.)

B.    *The Trial Court's Denial of Defendant's* Romero *Motion*

Defendant alternatively argues the trial court abused its discretion in refusing to strike at least one of his prior strikes under *Romero* and section 1385, subdivision (c). We are unpersuaded.

This court previously determined in *People v. Burke* (2023) 89 Cal.App.5th 237, 244 that section 1385, subdivision (c) does not apply to the Three Strikes law and instead only applies to "enhancements" as that term is commonly understood.  That section 1385, subdivision (c) does not apply to prior strike convictions is well established.  (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 9, review denied (Feb. 11, 2025, S293417).)  Indeed, "courts have uniformly rejected the contention that the mitigating factors identified in subdivision (c) of section 1385 apply to a request to dismiss a prior strike because the Three Strikes law is an alternat[ive] sentencing scheme, not an 'enhancement.' "  (*People v. Grandberry* (2026) 118 Cal.App.5th 14, 19, review denied (Apr. 15, 2026, S295461).)  We need not revisit the issue.

Nor has defendant demonstrated that the trial court otherwise abused its discretion in denying his *Romero* motion.

The trial court has wide discretion in determining whether to strike a strike under *Romero* and must decide "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies."  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review the trial court's denial of defendant's section 1385 request to strike one or more of his prior strikes for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)  "In reviewing for abuse of discretion, we are guided by two fundamental precepts.  First, ' "[t]he burden is on the party attacking the sentence to

clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376-377.)

Here, the trial court considered the *Romero*/*Williams* factors including the nature of the current offense, his prior record, and factors related to defendant (e.g., his age, rehabilitative efforts, and behavior in prison), before concluding he did not fall outside of the Three Strikes scheme. Accordingly, defendant has not established any of the narrow circumstances under which a court may be said to have abused its discretion in denying a motion to strike a prior strike. (See, e.g, *People v. Carmony, supra*, 33 Cal.4th at pp. 376-378 [the limited circumstances where a court may be said to have abused its discretion in refusing to strike a prior strike include where the court is unaware of its discretion, considered impermissible factors, or was arbitrary or capricious in reaching its determination.]) Therefore, we must deny this claim. (*Ibid.*)

C.     *Reimposition of the Restitution Fine*

Defendant argues the trial court erred in reimposing a $5,000 restitution fine (§ 1202.4) in 2024 because any balance remaining on the restitution fine originally imposed in 1994 must be vacated. We agree. Effective January 1, 2025, section 1465.9, subdivision (d) provides "[u]pon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." (Assem. Bill No. 1186 (2023–2024 Reg. Sess.); Stats. 2024,

8

ch. 805, § 1.)  Here, the trial court reimposed defendant's original fines, including a $5,000 restitution fine, 30 years after they were originally imposed.  Therefore, any unpaid portion remaining on the $5,000 restitution fine must be vacated.[5]  (§ 1465.9, subd. (d); *People v. Salstrom* (2025) 117 Cal.App.5th 596, 600-601.)  We will modify the judgment to vacate any unpaid portion of the original restitution fine.

Moreover, we note defendant's abstract of judgment following resentencing lists a $5,000 parole revocation restitution fine (§ 1202.45).  This fine was not imposed in 1994, as it did not come into existence until 1995.  (§ 1202.45 [added by Assem. Bill. No. 817 (1995-1996 Reg. Sess.); Stats. 1995 ch. 313, § 6].)  Therefore, because the trial court only reimposed "all previous . . . fines" at the December 2024 resentencing, a parole revocation restitution fine must not be included on defendant's abstract of judgment.  We will direct that the trial court issue an amended abstract of judgment removing this fine and the vacated $5,000 restitution fine.

---

[5]    While defendant told the trial court at resentencing that the entire $5,000 restitution fine had already been paid, we will direct the vacatur of any portion remaining on the $5,000 restitution fine lest that representation prove to be inaccurate.

## DISPOSITION

The judgment is modified to vacate any unpaid portion of the original $5,000 restitution fine (§ 1202.4) pursuant to section 1465.9, subdivision (d).  The trial court is directed to prepare an amended abstract of judgment removing the $5,000 restitution fine and $5,000 parole revocation restitution fine.  The trial court shall forward a certified copy of the amended abstract to the CDCR.  The judgment is otherwise affirmed.

\s\
_____
Krause, J.

We concur:

\s\
_____
Mauro, Acting P. J.

\s\
_____
Feinberg, J.

10